[Cite as *In re A.P.*, 2022-Ohio-4295.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [In re A.P., | : | |
| F.S.G., Mother, | : | No. 22AP-62 |
| | | (C.P.C. No. 21JU-7139) |
| Appellant.] | : | |
| | | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on December 1, 2022

**On brief:** *Victoria Ullmann*, for appellant. **Argued:** *Victoria Ullmann*.

**On brief:** *Serena M. Coppula* and *Robert J. McClaren*, for appellee Franklin County Children's Services. **Argued:** *Robert J. McClaren*.

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch

SADLER, J.

{¶ 1} Appellant, F.S.G., the mother of A.P., appeals from a decision and judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling appellant's objection to a magistrate's decision granting Temporary Custody and Commitment ("TCC") of A.P. to Franklin County Children's Services ("FCCS") pursuant to R.C. 2151.353(A)(2)(a). For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} A.P. was born in September 2019 to appellant and father D.P.; appellant and D.P. are not married. On July 21, 2021, FCCS filed a complaint alleging A.P. is a neglected

child under R.C. 2151.03(A)(2) and a dependent child under R.C. 2151.04(C) and (D).[1] According to the complaint, FCCS had been working with the family since August 2018 due to situations with A.P.'s older siblings and, as a result of FCCS's ongoing interactions and observations of the family, FCCS received a Temporary Order of Protective Supervision ("TOPS") for A.P. on November 17, 2020. After that time, the complaint alleged that appellant continued to have issues with: allowing FCCS and the guardian ad litem ("GAL") into her home unannounced to evaluate whether safety and sanitary issues had been resolved; attending parenting classes; taking her children to health check-ups and permitting immunizations; completing scheduled drug screens; and permitting D.P. to be around her and the children after he had been charged with aggravated menacing, was placed on community control after a guilty plea, and a no-contact order was put in place.

{¶ 3} The complaint stated that, as a result, FCCS filed a shelter care motion requesting a Temporary Order of Custody ("TOC") for A.P. on March 17, 2021, which the trial court granted a few days later. A.P. was placed in foster care at that time. According to the complaint, following the March 2021 TOC, appellant reported that she had a job, completed a parenting class, completed four drug screens, attended four out of five visits with A.P., and lived with her brother. However, she tested positive for marijuana and alcohol in two of the drug screens she completed. The complaint additionally stated that appellant pleaded guilty to criminal mischief and is on two years community control. Overall, although appellant was "progressing in her case plan," according to the complaint appellant was "not able to provide * * * basic needs for [A.P.]." (July 21, 2021 Compl. at 3 and Dec. 13, 2021 Amendments.) Therefore, FCCS sought continued temporary custody of A.P. to allow the parents to engage with services in order to assist them in reunification with A.P. in the future.

{¶ 4} FCCS received a new TOC for A.P. on July 22, 2021. According to the magistrate's order, sufficient information demonstrated the continued placement of A.P. in appellant's home is contrary to the welfare and best interests of the child, and that reasonable efforts had been made to prevent A.P.'s removal from home. Pursuant to the

---

[1] The July 21, 2021 complaint indicates it is the "third refiling" and relates to case number 21JU-7139, which is the current case appealed. The record indicates and the parties explain that previous complaints, which were filed under other case numbers (20JU-8325, 21JU-1228, and 21JU-4384), had been dismissed by operation of law.

order, appellant and D.P. were permitted supervised visits with A.P., and appellant was ordered to: complete and follow the recommendations of a mental health assessment, an alcohol/drug assessment, a domestic violence assessment, and parenting classes; complete random drug screens; participate with the FCCS caseworker; and attend visits. A day later, the magistrate filed findings of fact and conclusions of law regarding the reasonable efforts made by FCCS to prevent the continued removal of A.P. or to return A.P. to her home pursuant to R.C. 2151.419.

{¶ 5} On July 29, 2021, appellant filed, through counsel, a motion to set aside the magistrate's decision. In it, appellant objected to "the shelter care motion and orders as well as the TC granted at the March 31 hearings" and the "continual requirements to drug test." (July 29, 2021 Mot. to Set Aside at 1.) Specific to the drug testing order, appellant asserted that, she "has been ordered to go through unnecessary drug testing throughout this case. She does not use drugs, except as allowed by current medicinal cannabis law." (July 29, 2021 Mot. to Set Aside at 1.) "For this and other reasons, [FCCS] is continually failing in this case to use reasonable efforts to prevent continued removal." (July 29, 2021 Mot. to Set Aside at 1.)

{¶ 6} In her memorandum in support of the motion to set aside, appellant argued against federal government policies generally, asserted FCCS must, if necessary, provide financial assistance in order to meet FCCS' requirement of using reasonable efforts to keep families together, and took issue with FCCS (allegedly) telling appellant to fix their housing issue without assisting them in doing so. Appellant also argued, "[n]othing bad happened as a result of [the] inadvertent violation of the [stay-away] order." (Memo. in Support of Mot. to Set Aside at 5.)

{¶ 7} Specific to drug testing, appellant asserted that, in general, FCCS and the courts over-rely on drug testing, which she argued is a highly invasive and offensive search which must be done in accordance with the Fourth Amendment to the Constitution. Citing to *State ex rel. Ohio AFL-CIO v. Ohio Bur. Of Workers' Comp.*, 97 Ohio St.3d 504, 2002-Ohio-6717 and R.C. 2151.3514, appellant contended a "reasonable suspicion" standard applies to drug testing ordered by the juvenile court in custody cases. (Memo. in Support of Mot. to Set Aside at 6.) Appellant further contended that R.C. 2151.3514 required drug testing be "done based upon specific language in the complaint and adjudication. There

has to be proof of actual addiction, not casual use or medical use." (Memo. in Support of Mot. to Set Aside at 7.)  Particular to the facts of this case, appellant argued,

> There is no allegation in past complaints alleging drug usage at all.  It strangely appeared in the case plan, but that is not compliant with statutory requirements. The new lengthy complaint in this case states there were positive tests but fails to properly indicate that mother is an approved medical user. Mother has a cannabis card due to a severe stomach issue.  She is allowed to use cannabis medicinally in accordance with current law.  She has made the agency aware of this and provided a copy of the card.  She is using it now as needed since the children are removed.  This is not a basis upon which the agency can now fabricate reasonable suspicion to constantly drug test.

(Memo. in Support of Mot. to Set Aside at 7.)  Appellant did not provide evidence of the purported cannabis card or medical condition to the trial court in support of the motion.

{¶ 8}  On September 8, 2021, the magistrate held an adjudication hearing where, according to the parties on appeal, the magistrate orally found A.P. to be a dependent child and granted TCC of A.P. to FCCS.  A hearing on the case plan then took place on September 30, 2021, and, ultimately, the case plan was made an order of the court.

{¶ 9}  On October 4, 2021, the trial court filed a decision and judgment entry denying appellant's July 29, 2021 motion to set aside.  The trial court found the motion to set aside the magistrate's TOC decision and orders to be timely under Juv.R. 40(D) but lacked a transcript from the hearing before the magistrate. As a result, the trial court determined it was "required to accept all the magistrate's findings of fact as true and only review the legal conclusions drawn from those facts." (Oct. 4, 2021 Decision & Jgmt. Entry at 2.)  Under this review, the trial court concluded appellant's motion to set aside the magistrate's TOC and associated orders to not be well-taken.

{¶ 10} Specifically, the trial court rejected appellant's argument that the reasonable suspicion requirement used in the "private employment arena" as stated in *Ohio AFL-CIO* is "akin to the drug testing requirement in Juvenile Abuse Neglect and Dependency cases." (Oct. 4, 2021 Decision & Jgmt. Entry at 3.)  Citing to *In re Quartes Davis*, 10th Dist. No. 04AP-184 (Aug 3, 2004), 2004-Ohio-5435 and *In re Abram*, 10th Dist. No. 04AP-220, 2004-Ohio-5435, ¶ 22, the trial court found persuasive that, "[w]hile the Tenth District has not specifically addressed the issue of reasonable suspicion of continuing drug testing, it

has rejected arguments related to whether the frequency of drug screens is unreasonable." (Oct. 4, 2021 Decision & Jgmt. Entry at 3.)

{¶ 11} Moreover, the trial court was satisfied that the evidence in this case and the companion cases relied on by appellant supported the magistrate's order to drug test. The trial court referenced the magistrate's finding that appellant tested positive for marijuana and alcohol in two of four drug screens and had not provided evidence of holding a medical marijuana card. The trial court further discussed that mandatory drug testing predated the magistrate's TOC order: the complaint in this case stated appellant failed to comply with mandatory testing since March 2020 and appellant was also ordered to drug test since the uncontested adjudication of her other children in companion cases and adoption of the case plans "which [appellant] has never challenged." (Oct. 4, 2021 Decision & Jgmt. Entry at 3-4.) The trial court noted the drug testing in the companion cases arose out of FCCS' stated "concern that [appellant] tested positive for illegal substances at [an older sibling's] birth." (Oct. 4, 2021 Decision & Jgmt. Entry at 4.) The trial court additionally determined that a review of the GAL reports, both in this case and in companion cases, indicated that appellant and D.P. admitted that they sometimes self-medicate with drugs. The trial court emphasized the GAL is "very familiar" with this case and has been involved with the family for years. (Oct. 4, 2021 Decision & Jgmt. Entry at 4.)

{¶ 12} In addition to determining the magistrate's order to drug test was not in error, the trial court determined that, contrary to appellant's argument, FCCS made reasonable efforts to prevent the removal of the children pursuant to R.C. 2151.419(A)(1) and the magistrate did not err in finding the same. The trial court again remarked that it did not have a transcript of the proceedings in the present case, but that it did review the available transcripts in the companion cases and the magistrate's findings, which showed ongoing caseworker involvement with the family, and appellant's resistance to allowing FCCS into the home. Therefore, considering all the above, the trial court denied appellant's motion to set aside and adopted and approved the magistrate's order dated July 22, 2021.

{¶ 13} On October 19, 2021, appellant filed a document entitled "Objections to the Magistrate's Decision Granting TCC." The objection states:

> Counsel for mother filed a motion to set aside and there is a decision and entry deciding of the issues she wants to preserve, but according to the rule, these objections are required to

> preserve the issue on appeal. Counsel verbally objected at the magistrate hearings but that is insufficient. Mother further objects to the granting of TCC to the agency and the case plan that requires drug testing on [an] allegedly random basis but it is in fact constant testing.

(Oct. 19 2021 Objs. to the Mag's. Decision at 1.) In the memorandum in support of the objections, appellant states she "reasserts all her arguments made in the Motion to Set Aside and it is not necessary to fully repeat them here." (Memo. in Support of Objs. at 1.) However, appellant does point out her view that the trial court erred in its consideration of *Ohio AFL-CIO* and contends "[t]here are several other errors in this decision but it is not necessary to repeat them at this time as the issues were addressed in the Motion to Set Aside which is incorporated here." (Memo. in Support of Objs. at 1.) As to the merits of the custody determination, appellant stated, "[a]t the time of the magistrate hearing, [appellant] was in a stable environment and she should have been given custody of [A.P.]." (Memo. in Support of Objs. at 1.)

{¶ 14} FCCS, on November 29, 2021, filed a memorandum in opposition to appellant's objections to the magistrate's decision. FCCS argued appellant erred procedurally as to the lack of transcript and lack of an argument supporting the magistrate's TCC determination, and, regardless, the legal arguments appellant made as to drug testing lack merit.

{¶ 15} The magistrate issued, and the trial court approved, the written decision and judgment entry granting TCC of A.P. to FCCS on December 13, 2021. The magistrate stated that an adjudicatory hearing on the complaint stating neglect and dependency causes of action was held on September 8, 2021, which was attended by appellant and her attorney, D.P. and his attorney, the GAL, the FCCS attorney, and the FCCS caseworker. At the request of FCCS, the magistrate amended certain language in the complaint and dismissed the neglect cause of action since the matter was proceeding uncontested as to the dependency causes of action. Specifically, the magistrate found that at the hearing, "[a]ll parties waived reading of the complaint and the Magistrate proceeded on an uncontested basis and heard informal testimony." (Dec. 13, 2021 Mag. Decision at 1.)

{¶ 16} "Based upon the facts as alleged in the complaint that are uncontested and the representations made today [at the September 8, 2021 hearing]," the magistrate found A.P. to be dependent pursuant to R.C. 2151.04(C) and (D)(1)(2). (Dec. 13, 2021 Mag.

Decision at 1.) The magistrate further found that continuation in A.P.'s home would be contrary to the child's welfare and that reasonable efforts have been made to prevent or eliminate the need for removal of A.P. from the home. In particular, the magistrate found placement and casework services were provided by FCCS to A.P.'s family, but the removal of the child from the home continues to be necessary because circumstances giving rise to the original filing have not been sufficiently alleviated. Finally, the trial court adopted the magistrate's decision to issue an order making A.P. a ward of the court and committing A.P. temporarily to the custody of FCCS pursuant to R.C. 2151.353(A)(2) until further order of the court.

{¶ 17} The trial court judge indicated on the judgment entry that immediate relief is justified pursuant to Civ.R. 53(D)(4)(e)(ii) and Juv.R. 40(D)(4)(e)(ii). The accompanying notice provided that the order would serve as an interim order if a party filed objections.

{¶ 18} On December 29, 2021, the trial court considered and denied appellant's previously submitted October 19, 2021 objections. The trial court initially found that, since no transcript of the hearing had been filed, the court would accept the findings of facts in the magistrate's decision as true and only review the legal conclusions drawn from those findings. After doing so, the trial court did not find appellant's objections to be "well taken" for several reasons. (Dec. 29, 2021 Decision & Jgmt. Entry at 3.)

{¶ 19} First, the trial court found appellant's objections to be procedurally flawed under Juv.R. 40(D)(3)(b), which permits written objections to a magistrate's decision and requires the grounds for such objections to be specific and stated with particularity. The trial court was unable to identify which decision appellant specifically contested. The court noted procedural rules did not permit objections to the trial court's decision denying appellant's motion to set aside the magistrate's July 22, 2021 order and, if appellant was attempting to object to the magistrate's July 22, 2021 order, such objections would be untimely.

{¶ 20} Second, to the extent appellant challenged the case plan, including orders for appellant to submit to random drug testing, the trial court found the magistrate did not err based on the trial court's review of the case plan and the companion matters. Finally, to the extent appellant challenged the magistrate's December 13, 2021 TCC decision, the trial court did not find appellant's "significantly preemptive" objections well-taken considering

the trial court's "review of the magistrate's decision (absent a transcript)" along with the uncontested nature of the proceeding that serves as the foundation for the December 13, 2021 decision. (Dec. 29, 2021 Decision & Jgmt. Entry at 4.) Therefore, the trial court overruled appellant's objections.

{¶ 21} Appellant filed a timely notice of appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 22} Appellant sets forth three assignments of error for review:

> I. THE TRIAL COURT ERRED IN ORDERING ENDLESS DRUG TESTING OF MOTHER IN VIOLATION OF THE 4th AND 14TH AMENDMENTS TO THE CONSTITUTION.
>
> II. THE TRIAL COURT ERRED IN ORDERING ENDLESS DRUG TESTING OF MOTHER IN VIOLATION OF CHAPTER 2151 OF THE REVISED CODE.
>
> III. THE TRIAL COURT ERRED IN GRANTING TEMPORARY CUSTODY TO THE AGENCY BASED UPON REFUSAL TO DRUG TEST.

## III. ANALYSIS

{¶ 23} With her assignments of error, appellant challenges what she contends to be problems with drug testing both specific to this case and, more broadly, in the practices of the trial court in custody cases. However, because layers of procedural issues undermine appellant's appeal and record evidence otherwise supports the trial court's judgment awarding TCC to FCCS, reversal is not warranted in this case.

{¶ 24} Initially, we recognize that an adjudication followed by a disposition awarding TCC to FCCS pursuant to R.C. 2151.353(A)(2) does constitute a final, appealable order and did provide the means for appellant to challenge any preserved issue arising from the previous TOC order and/or initial case planning. "An adjudication that a child is dependent followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes a final, appealable order." *In re E.C.*, 10th Dist. No. 18AP-878, 2019-Ohio-3791, ¶ 17 (noting that, as opposed to a TCC order, a TOC is a pre-dispositional custody order). *In re Murray*, 52 Ohio St.3d 155, 156 (1990), syllabus ("An adjudication by a juvenile court that a child is 'neglected' or 'dependent' as defined in R.C. Chapter 2151 followed by a disposition awarding temporary custody to a public children services agency pursuant to R.C. 2151.353(A)(2) constitutes a

'final order' within the meaning of R.C. 2505.02 and is appealable to the court of appeals pursuant to R.C. 2501.02."). *See also In re A.K.*, 4th Dist. No. 21CA2, 2021-Ohio-4513, ¶ 51 ("appellate courts have treated case plans as interlocutory orders that are not subject to appeal until the court has entered a final dispositional order"); *In re D.K.*, 10th Dist. No. 19AP-801, 2020-Ohio-5251, ¶ 31 (finding that, to challenge the case plan, the father should have appealed the TCC order). However, for the following reasons, appellant has not demonstrated the trial court erred in denying her objections or otherwise erred to warrant reversal in this case.

{¶ 25} Appellant's first problem is a procedural one that has added to the lack of clarity in this case. Under App.R. 16(A)(7), "[t]he appellant shall include in its brief, under the headings and in the order indicated, all the following: * * * (7)[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." An appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based *or fails to argue the assignment separately in the brief, as required under App.R. 16(A)*." (Emphasis added.) App.R. 12(A)(2) It is not the duty of the appellate court to sort and support the legal arguments necessary to fully consider and possibly sustain the appellant's assignments of error. *Cook v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 14AP-852, 2015-Ohio-4966, ¶ 40; *James v. My Cute Car, LLC*, 10th Dist. No. 16AP-603, 2017-Ohio-1291, ¶ 10.

{¶ 26} In this case, appellant brought forth three assignments of error for review, but did not separately argue them. Instead, appellant presented arguments framed around eight issues, many of which do not appear to have been raised to the trial court. In a case already plagued with confusion, appellant's failure to comply with App.R. 12 and 16 creates even more uncertainty. Following appellate procedural rules, appellant's failure to separately argue her assigned errors alone constitutes grounds for this court to overrule her assignments of error. *McKahan v. CSX Transp., Inc.*, 10th Dist. No. 09AP-376, 2009-Ohio-5359, ¶ 10, applying App.R. 12(A)(2).

{¶ 27} The next barrier to appellant reaching her intended target (legal issues regarding drug testing) is the lack of formal challenges to other dispositive issues either

here on appeal or at the trial court level. For example, as an independent basis for denying appellant's objections and adopting the magistrate's TCC decision, the trial court determined that her objections lacked specificity and failed to state with particularity her grounds for her objections. Under Juv.R. 40(D)(3)(b)(ii) and Civ.R. 53(D)(3)(b)(ii), a party's objection to a magistrate's decision must "be specific and state with particularity all grounds for objection." A "thread-bare mention" of an issue without any further explanation violates the specificity requirement of Civ.R. 53(D). *In re Estate of Porter*, 10th Dist. No. 17AP-414, 2017-Ohio-8840, ¶ 24; *In re A.V.*, 10th Dist. No. 05AP-789, 2006-Ohio-3149, ¶ 22. The failure to comply with the specificity requirements of Civ.R. 53 and Juv.R. 40(D) results in waiver of the issue. *A.V.* at ¶ 22. *See In re C.P.*, 12th Dist. No. CA2010-12-025, 2011-Ohio-4563, ¶ 34 ("The failure to file specific objections is treated the same as the failure to file any objections.").

{¶ 28} Here, beyond asserting the trial court "feigned confusion" on a "complex, but not confusing" procedural history, appellant makes no argument as to how her objections met the specificity and particularity requirement for objections, effectively conceding this issue. (Reply at 5-6.) Moreover, our review of appellant's objections shows the trial court's confusion (or, perhaps, refusal to craft an argument on appellant's behalf) to be warranted. Appellant loosely mentions multiple orders or decisions, including the trial court's decision on the motion to set aside the magistrate's TOC order, the TCC order, and the case plan without tying specific arguments to them. Further, the whole of appellant's memorandum in support of her objections consists of her assertion that the trial court did not review her argument (in her motion to set aside) about *Ohio AFL-CIO* since the trial court disagreed it applied, that "several other errors" exist in the trial court's decision that are "not necessary to repeat * * * at this time," and a one sentence statement contesting the merits of the TCC decision since, at the time of (an unspecified) magistrate's hearing, "[appellant] was in a stable environment and she should have been given custody of [A.P.]." (Memo. in Support of Objs. at 1.)

{¶ 29} Because an unchallenged, independent ground supports the trial court's decision and judgment, appellant's attempt to reach other issues on appeal necessarily fails. *In re C.C.*, 10th Dist. No. 04AP-883, 2005-Ohio-5163, ¶ 23 ("The duty of a court of appeals is to decide controversies between parties by a judgment that can be carried into effect. An

appellate court need not render an advisory opinion on a moot question or rule on a question of law that cannot affect matters at issue in a case."); *Bambeck v. Catholic Dioceses of Cleveland*, 8th Dist. No. 86894, 2006-Ohio-4883, ¶ 20. ("An appellate court is not required to * * * rule on a question of law that cannot affect matters at issue in a case" and, accordingly, may "overrule * * * assigned error as moot.")

{¶ 30} Appellant confronts another issue in having not formally challenged at the trial court level case plan orders that included drug testing.[2] A parent that fails to object to case plan objectives or requirements during its formation and implementation forfeits the issue for purposes of appeal. *In re B.H.*, 9th Dist. No. 29998, 2021-Ohio-4152, ¶ 26; *In re Willis*, 5th Dist. No. 02 CA 15, 2002-Ohio-6795, ¶ 10; *A.K.* at ¶ 43; *In re Davis*, 10th Dist. No. 04AP-184, 2004 Ohio App. LEXIS 3670, at *14-16 (Aug. 3, 2004).

{¶ 31} Here, the trial court determined that mandatory drug testing predated the magistrate's TOC order in this case (that included the order for appellant to drug test), and appellant was ordered to drug test since the uncontested adjudication of her other children in companion cases and adoption of the case plans "which [appellant] has never challenged." (Oct. 4, 2021 Decision & Jgmt. Entry at 3-4.) Appellant neither disputes this finding on appeal nor argues plain error. We note a statutory process exists under R.C. 2151.412(F)(2) for parents to propose a change to the terms of a case plan and request a hearing on the proposal, and it does not appear appellant has yet attempted to alter the case planning subjecting her to drug testing. Thus, we find the issue of whether "the trial court erred in ordering endless drug testing" to have been forfeited by appellant as it relates to case planning, and the existence of unchallenged case plan orders to drug test renders appellant's challenge to the magistrate's TOC order to drug test in this case moot. (Appellant's Brief at 5.)

{¶ 32} Finally, even if procedural irregularities in this case did not prevent review of the merits of the assignments of error presented, appellant has not shown reversal is warranted in this case. Appellant has not disputed the trial court finding that drug testing in the companion cases arose out of FCCS' stated "concern that [appellant] tested positive

---

[2] This court lacks jurisdiction to review, in this appeal, the case plan orders from the referenced companion/sibling cases. *See Taneff v. Lipka*, 10th Dist. No. 18AP-291, 2019-Ohio-887, ¶ 74 (10th Dist.), quoting App.R. 12(A)(1)(a)("The purview of an appellate court is to 'review and affirm, modify, or reverse *the judgment or final order appealed*.' " (Emphasis added.)

for illegal substances at [an older sibling's] birth." (Oct. 4, 2021 Decision & Jgmt. Entry at 4.) The trial court additionally found that a review of the GAL reports, both in this case and in companion cases, indicated that appellant and D.P. admitted that they sometimes self-medicate with drugs. Further, the complaint in this case stated appellant tested positive for marijuana and alcohol in two of the four drug screens she completed, and appellant did not contest this finding or provide evidence of the medical marijuana card she proports to have. Furthermore, the parties agree the adjudication of dependency was uncontested, and the trial court based the "informal[ly]" contested disposition of TCC on appellant's failure to demonstrate she had remedied issues giving rise to the original complaint, which primarily cited the lack of safe, sanitary, and stable housing for A.P. and the ability to provide for A.P.'s other basic needs.[3] (Dec. 29, 2021 Decision & Jgmt. at 4; Reply at 7.) Thus, contrary to appellant's position, drug testing was not ordered despite "no evidence" of improper drug use, and, ultimately, the TCC order was not "based upon refusal to drug test." (Appellant's Brief at 5, 11.) Therefore, appellant's assignments of error are based on flawed premises and, as a result, lack merit.

{¶ 33} Considering all the above, we find appellant has not demonstrated the trial court erred in overruling appellant's objections challenging the magistrate's TOC order, various case plans, and the magistrate's decision granting TCC of A.P. to FCCS.

{¶ 34} Accordingly, for all of the above stated reasons, appellant's three assignments of error are overruled.

## IV. CONCLUSION

{¶ 35} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.

*Judgment affirmed.*

KLATT and MENTEL, JJ., concur.

––––––––––––––

[3] The trial court's determination noted it conducted its review absent a transcript of the hearing before the magistrate. Appellant contends on appeal that she is only disputing "legal issues" concerning drug testing, which does not require reference to the transcript. (Reply at 9.)