[Cite as *Staples v. OhioHealth Corp.*, 2020-Ohio-4578.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Joshua Staples, :

      Plaintiff-Appellant, : No. 19AP-591
(C.P.C. No. 19CV-1976)

v. :

OhioHealth Corporation et al., : (ACCELERATED CALENDAR)

      Defendants-Appellees. :

---

D E C I S I O N

Rendered on September 24, 2020

---

**On brief**: *Donahey & Defossez*, and *Curtis M. Fifner*, for appellant. **Argued**: *Curtis M. Fifner*.

**On brief**: *Bricker & Eckler, LLP*, *Bobbie S. Sprader*, and *Karen L. Clouse*, for appellee OhioHealth Corporation. **Argued**: *Karen L. Clouse*.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Joshua Staples, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas in which the court granted the motion for summary judgment filed by OhioHealth Corporation ("OhioHealth"), defendant-appellee.

{¶ 2} On July 16, 2015, appellant presented to the emergency department at Doctors Hospital, which is owned by OhioHealth, complaining of asthma issues. Dr. Eric Cortez, a physician, and Tammy Stoneburner, defendant-appellee, a nurse, were working in the emergency room at the time. Stoneburner was working at the hospital and this was arranged by a staffing agency, American Traveler Nursing Agency ("American Traveler").

{¶ 3} Dr. Cortez ordered one milligram of epinephrine to be injected intramuscularly. Instead of injecting the epinephrine intramuscularly, Stoneburner administered the epinephrine injection intravenously, which caused appellant further medical issues.

{¶ 4} On July 8, 2016, appellant served OhioHealth a "180-day letter," pursuant to R.C. 2305.113(B)(1), informing OhioHealth of a potential legal action and extending the one-year statute of limitations found in R.C. 2305.113 for medical negligence actions. There is nothing in the record indicating that appellant served the 180-day letter on Stoneburner.

{¶ 5} On January 3, 2017, appellant filed a medical negligence action against OhioHealth and Stoneburner. Appellant completed service of the complaint on OhioHealth but not Stoneburner. On August 3, 2017, the trial court issued an intent to dismiss for lack of prosecution unless appellant could show cause within 10 days why the case should not be dismissed. On August 14, 2017, appellant sought additional time to serve Stoneburner and depose her. Appellant attempted service on Stoneburner at several different addresses but was unsuccessful.

{¶ 6} On January 3, 2018, OhioHealth filed a motion for summary judgment.

{¶ 7} On January 4, 2018, American Traveler filed an answer on Stoneburner's behalf.

{¶ 8} On March 7, 2018, appellant filed a notice of voluntary dismissal pursuant to Civ.R. 41(A).

{¶ 9} On March 6, 2019, appellant refiled his medical negligence action, naming OhioHealth and Stoneburner as defendants. Appellant alleged OhioHealth was responsible for Stoneburner's negligent actions under the theories of respondeat superior and agency by estoppel. On March 12, 2019, service was completed on OhioHealth. OhioHealth filed its answer on March 26, 2019. Appellant attempted service on Stoneburner but service failed.

{¶ 10} On April 18, 2019, OhioHealth filed a motion for summary judgment.

{¶ 11} Appellant requested an additional 60 days to respond to the motion for summary judgment and serve on Stoneburner a notice of deposition. Appellant attempted service on Stoneburner at multiple Ohio addresses but service failed.

{¶ 12} On June 26, 2019, the trial court granted in part OhioHealth's motion for summary judgment. The court found that OhioHealth could not be liable for Stoneburner's negligence under respondeat superior because it was undisputed that Stoneburner was not an OhioHealth employee. With regard to the agency by estoppel claim, the court held that OhioHealth could be liable for Stoneburner's negligence. However, there was no proof in the record that appellant served the 180-day letter on Stoneburner; thus, appellant's filing of his original January 3, 2017 complaint would be ineffective against Stoneburner, resulting in claims against her being time-barred and any derivative claims against OhioHealth unsustainable. The trial court granted appellant 14 days in which to provide the court with proof that he obtained service of the 180-day letter on Stoneburner before the statute of limitations ran.

{¶ 13} Appellant was unable to provide the court with evidence regarding service of the 180-day letter on Stoneburner. On August 5, 2019, the trial court issued an entry dismissing appellant's complaint with prejudice. Appellant appeals the judgment of the trial court, asserting the following four assignments of error:

> [I.] The Trial Court Erred by Granting Summary Judgment in Favor of Ohio Health and Stoneburner without Either Party Providing Evidence Showing Stoneburner had not Absconded, Concealed herself, or Left the State.
>
> [II.] The Trial Court Erred by Granting Summary Judgment to Stoneburner, who Never Appeared in the Case, let Alone Moved for Summary Judgment.
>
> [III.] The Trial Court Erred by Denying Staples an Opportunity to Conduct Necessary Discovery to both Prove his Case and Refute Appellees' Position.
>
> [IV.] The Trial Court Erred in Holding that Stoneburner, as a Nurse, was not an Agent of Ohio Health in any Capacity.

{¶ 14} Appellant argues in his assignments of error the trial court erred when it granted OhioHealth's motion for summary judgment. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v.*

*Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 15} When seeking summary judgment on the ground that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 16} We will address appellant's fourth assignment of error first. Appellant argues in his fourth assignment of error that the trial court erred when it held that Stoneburner was not an agent of OhioHealth in any capacity.

{¶ 17} Appellant brought his negligence claim against OhioHealth and Stoneburner under two distinct doctrines: (1) respondeat superior, and (2) agency by estoppel. Under the doctrine of respondeat superior, a hospital is liable for the negligent acts of its employees or agents. *Berdyck v. Shinde*, 66 Ohio St.3d 573, 578 (1993), citing *Klema v. St. Elizabeth's Hosp. of Youngstown*, 170 Ohio St. 519 (1960). Although an employer is vicariously liable for the torts of its employees or agents under the doctrine of respondeat superior, it is not liable for the negligence of an independent contractor over whom it retained no right to control the mode and manner of doing the contracted-for

work. *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 438 (1994), citing *Councell v. Douglas*, 163 Ohio St. 292, 295-96 (1955). Therefore, under the doctrine of respondeat superior, because the employer is liable for the actions of the employee, it can be sued independently of the employee by the injured party. *Losito v. Kruse*, 136 Ohio St. 183 (1940), syllabus. Under basic agency law, the employer's direction and control over the details of the employee's work and conduct is what makes their relationship one of actual agency. *Costell v. Toledo Hosp.*, 98 Ohio App.3d 586, 592-94 (6th Dist.1994). A hospital is liable for the provable torts of its employees committed within the scope of employment. *Avellone v. St. John's Hosp.*, 165 Ohio St. 467 (1956). The agent who committed the tort is primarily liable for its actions, while the principal is merely secondarily liable. *Losito.*

{¶ 18} In the present case, the trial court concluded that "[a]ll of the evidence before the Court demonstrates that Ms. Stoneburner was not an employee of OhioHealth at the time of the alleged negligence, but rather was an independent contractor. Therefore, OhioHealth cannot be held liable for Ms. Stoneburner's actions under a theory of respondeat superior." (June 26, 2019 Decision & Entry at 3.)

{¶ 19} The trial court also granted OhioHealth summary judgment with regard to appellant's claim under agency by estoppel. "Agency by estoppel is not a direct claim against a hospital, but an indirect claim for the vicarious liability of an independent contractor with whom the hospital contracted for professional services." *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, ¶ 27. In general, a principal is not vicariously liable for the negligence of an independent contractor since there is no right to control the manner or details of work or judgment. *Id.* at ¶ 18; *Councell* at 295-96. However, a hospital is liable under the doctrine of agency by estoppel for the negligence of independent medical practitioners practicing in the hospital when: (1) the hospital holds itself out to the public as a provider of medical services, and (2) in the absence of notice or knowledge to the contrary, the patient looks to the hospital, as opposed to the individual practitioner, to provide competent medical care. *Clark* at syllabus.

{¶ 20} In the present case, with regard to appellant's agency by estoppel argument, OhioHealth argued that, because appellant's claim against Stoneburner was time-barred, OhioHealth could not be held liable. The trial court agreed. The court found there was no

proof in the record that the 180-day letter was served on Stoneburner, and because Stoneburner was not an employee of OhioHealth, service of this letter on OhioHealth would not impute to Stoneburner. If Stoneburner was never served with the 180-day letter, the trial court reasoned, then appellant's statute of limitations was not extended in relation to Stoneburner. Consequently, appellant's filing of his original complaint on January 3, 2017 would be ineffective as against Stoneburner, resulting in all claims against her being time-barred, and OhioHealth being unable to be held liable under a theory of agency by estoppel.

{¶ 21} Appellant asserts the trial court's determination was wrongly based on the Supreme Court of Ohio's decision in *Comer*. In *Comer*, two independent-contractor physicians were alleged to have negligently read x-rays at the hospital. The plaintiff sued only the hospital, allowing the statute of limitations for the physicians to expire, and the trial court granted summary judgment to the hospital. The Supreme Court upheld the granting of summary judgment. The court held that agency by estoppel is a derivative claim of vicarious liability whereby the liability of the hospital must flow through the independent-contractor physician. Consequently, the court concluded, there can be no viable claim for agency by estoppel if the statute of limitations against the independent-contractor physician has expired.

{¶ 22} In the present case, appellant argues that *Comer* should be narrowly applied to only independent-contractor physicians. Appellant relies on the decision in *Van Doros v. Marymount Hosp., Inc.*, 8th Dist. No. 88106, 2007-Ohio-1140, to support his contention that *Comer* does not apply to nurses. In *Van Doros*, the plaintiff filed a negligence action against a hospital and a nurse who was employed by a staffing agency and working for the hospital under a contract with the staffing agency. The nurse was subsequently dismissed based on the plaintiff's failure to serve the nurse within the statute of limitations. Thereafter, the court granted summary judgment to the hospital finding that it could not be held vicariously liable for the nurse's actions when a timely claim was not asserted directly against the nurse pursuant to *Comer*. On appeal, the court of appeals disagreed with the trial court and held that *Comer* was inapplicable to the circumstances. The court found *Comer* specifically addressed the liability of physicians, rather than nurses. The appellate court reasoned that nurses and physicians are distinctly

different for purposes of vicarious liability because physicians essentially serve as independent contractors, retaining primary control over their own actions and practices within a hospital setting, while nurses are subject to the control of the hospital, nurses are not free to choose their patients, patients are not free to choose their nurses, nurses must adhere to hospital guidelines, nurses may be hired or fired at the hospital's discretion, and nurses are under the direct supervision of hospital administration. Thus, the court concluded that because the *Comer* decision addresses only the liability of physicians and not nurses, it did not apply, and the trial court erred when it granted summary judgment in favor of the hospital.

{¶ 23} Here, appellant argues that the same logic from *Van Doros* should apply in this case to preclude OhioHealth from escaping liability for Stoneburner's negligence by relying on *Comer*. We agree and find *Comer* does not apply to the present circumstances. Initially, the Supreme Court in *Comer* began its decision by indicating:

> The narrow issue before us is whether, within the constraints of *Clark v. Southview Hosp. & Family Health Ctr.* (1994), 68 Ohio St.3d 435, 1994-Ohio-519, 628 N.E.2d 46, a viable claim exists against a hospital under a theory of agency by estoppel for the negligence of an independent-contractor physician when the physician cannot be made a party because the statute of limitations has expired.

*Id.* at ¶ 1. Thus, by the very language in *Comer*, the issue before the court was "narrow" and addressed the negligence of only an independent-contractor physician. Other courts have acknowledged the narrow holding of *Comer* and refused to apply it outside the specific confines of those facts present in *Comer*. *See, e.g., Taylor v. Belmont Community Hosp.*, 7th Dist. No. 09 BE 30, 2010-Ohio-3986 (refusing to extend the narrow holding of *Comer*); *Holland v. Bob Evans Farms, Inc.*, 3d Dist. No. 17-07-12, 2008-Ohio-1487 (finding *Comer* was explicitly narrow and distinguishing its facts from *Comer*); *Orebaugh v. Wal-Mart Stores, Inc.*, 12th Dist. No. CA2006-08-185, 2007-Ohio-4969, ¶ 17-19 (holding that *Comer* specifically dealt with an independent-contractor physician and agency by estoppel and does not apply to regular respondeat superior cases).

{¶ 24} The underlying factual circumstances in *Van Doros* are nearly identical to those in the present case. In *Van Doros*, after explaining the differences between independent-contractor physicians and nurses, the court found that the "distinctly

different" positions of such independent-contractor physicians and nurses exist "whether the nurse is employed directly by the hospital or through a staffing agency, as [the agency nurse] was in this case." *Id.* at ¶ 20. Although the hospital argued that *Comer* applied on the basis that an agency nurse serves more as an independent contractor than a non-agency nurse, the court indicated it was "unaware of any case law supporting that conclusion, nor have appellees provided any." *Id.* at ¶ 21. The court then concluded that "[a]ll nurses are shielded from primary liability in medical malpractice actions because they are subject to the control of a greater entity. The law does not distinguish between the liability of agency and non-agency nurses, and neither will this court." *Id.*

{¶ 25} Applying the reasoning used in *Van Doros* to the present case, we reverse the decision of the trial court. *Comer* does not apply to the present case. *Comer* explicitly indicated that the narrow issue before it related only to the negligence of an independent-contractor physician. *Comer* did not indicate that it applied outside of those limited circumstances. Regardless of whether Stoneburner was employed directly by the hospital or through a staffing agency, she was in a distinctly different position than the independent-contractor physician in *Comer*. Stoneburner, like all hospital nurses, was subject to the control and supervision of the hospital and was required to follow hospital guidelines and protocols in carrying out her normal daily duties. Stoneburner's daily work was not controlled or supervised by American Traveler, the staffing agency under contract with OhioHealth, and American Traveler did not dictate the tasks and manner of completing those tasks on a daily basis. In the hospital setting, there is no distinction between the work performed by the hospital-employee nurse and agency nurse. Both are under the control of the hospital. For these reasons, we find *Comer* applies only to independent-contractor physicians and does not apply to the circumstances in the present case. Therefore, the trial court erred when it granted summary judgment to OhioHealth on the basis that OhioHealth cannot be held vicariously liable for Stoneburner's conduct. Appellant's failure to individually serve Stoneburner with the 180-day letter, while timely serving OhioHealth with the 180-day letter, was not a bar to appellant's vicarious liability action against OhioHealth. Appellant's fourth assignment of error is sustained.

{¶ 26} Because we have sustained appellant's fourth assignment of error and concluded the trial court erred when it granted summary judgment, appellant's remaining assignments of error are moot.

{¶ 27} Accordingly, appellant's fourth assignment of error is sustained and his first, second, and third assignments of error are rendered moot. We reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed and cause remanded.*

BRUNNER and NELSON, JJ., concur.

_____