[Cite as *Miller v. NWD 355 McConnell, L.L.C.*, 2023-Ohio-3374.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Clint Miller,                                   :

        Plaintiff-Appellant,            :

v.                                              :

NWD 355 McConnell LLC,                          :

        Defendant-Appellee.             :

No. 22AP-725
(C.P.C. No. 20CV-7457)

(ACCELERATED CALENDAR)

D E C I S I O N

Rendered on September 21, 2023

**On brief:** *Henderson Mokhtari & Weatherly*, and *Al A. Mokhtari* for appellant. **Argued:** *Al A. Mokhtari.*

**On brief:** *BakerHostetler, LLP*, and *Ali Haque* for appellee. **Argued:** *Ali Haque.*

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Clint Miller, appeals from a November 9, 2022 decision and entry denying his motion for reconsideration and granting the motion for summary judgment of defendant-appellee, NWD 355 McConnell LLC ("NWD"). Appellant also appeals from an August 9, 2021 entry granting NWD's motion to stay discovery and motion for protection order as well as a July 30, 2021 decision, granting in part and denying in part, appellant's motion for extension of time. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This is a refiled matter originating from a dispute over various parking violations. NWD is a subsidiary of Nationwide Realty Investors, Ltd. ("NRI"), and the owner of a parking garage in the Arena District located at 355 John H. McConnell Blvd. ("Garage"). SP Plus, an independent contractor, entered into an agreement with NRI to

"administer, manage and operate" all parking operations at the Garage. (Feb. 12, 2021 NWD Mot. for Summ. Jgmt., Ex. A., Master Management Agreement at ¶ 1, 19.)[1] SP Plus agreed to patrol "all the parking facilities with a dedicated ticket writer at all times." (NWD Mot. for Summ. Jgmt., Ex. B, Arena District Ticket Enforcement at 10.) Pursuant to the SP Plus Arena Ticketing Procedure, SP Plus also handled and organized all aspects of the immobilization of vehicles in the Garage. The SP Plus Arena Ticketing Procedure provides in relevant part:

> [T]he Standard Parking employee will apply the boot, put a violation notice on the vehicle with information about the violation and the proper contact number and apply a notice sticker on the vehicle * * *. The parking violator must contact Standard Parking directly to have the boot removed from their vehicle * * *. Payment * * * will be delivered to the Standard Parking regional office.

(*Id.* at 7.) Finally, SP Plus was responsible for collecting fines of violators and would "contact the violator in hopes of collecting the charge before it is sent off to collections * * *. If a ticket reaches 30 days past due it will be sent off [to] the Collection Agency." (*Id.* at 6.) SP Plus retained Citation Collection Services ("CCS") to collect payments from drivers that violated parking rules in the Garage. As acknowledged by appellant, the notices and collection letters were sent by SP Plus or CCS. (*See* Nov. 17, 2020 Compl. at ¶ 10-17.)[2]

{¶ 3} On January 2, 2019, appellant filed his initial complaint against NWD, SP Plus, and CCS. *Miller v. NWD 355 McConnell, LLC*, Franklin C.P. No. 19CV000033 (Jan. 2, 2019). According to appellant, he was unlawfully fined for violating the parking rules of the Garage, which resulted in the immobilization of his vehicle.[3] On July 22, 2019, appellant filed a notice of dismissal, pursuant to Civ.R. 41(A)(1)(a), dismissing with prejudice all claims asserted against SP Plus. On August 15, 2019, NWD filed a motion for judgment on the pleadings claiming that appellant failed to allege any claims against NWD and forfeited

---

[1] The Master Management Agreement required SP Plus to "[s]upervise and direct operations of the Premises as the parking facilities and render the usual and customary services incidental thereto." (NWD Mot. for Summ. Jgmt., Ex. A., Master Management Agreement at ¶ 3a.)

[2] Appellant acknowledged in his complaint that SP Plus was responsible for the issuance of tickets, immobilization of vehicles, and collecting fines.

[3] Appellant's complaint does not specify the date he parked his vehicle in the Garage or when the ticket was issued. However, the record indicates that on the evening of September 19, 2017, appellant rented a spot at the Garage. On September 20, 2017, SP Plus placed a boot on appellant's vehicle for exceeding the allotted time limit by 16 hours.

its vicarious liability claim when he dismissed SP Plus with prejudice. On November 18, 2019, appellant filed a notice of voluntary dismissal against the remaining parties. On November 21, 2019, appellant filed an amended notice of voluntary dismissal that stated while all claims brought against CCS were with prejudice, the claims alleged against NWD were without prejudice.

{¶ 4} On November 17, 2020, appellant refiled his complaint asserting causes of action for fraudulent inducement, fraudulent misrepresentation, unjust enrichment, extortion, conversion, punitive damages, violation of the Ohio Consumer Sales Practices Act, and vicarious liability. While SP Plus and CCS are extensively discussed in the refiled complaint, appellant only named NWD and "John Does One Through Five" as defendants in the case. (Compl. at 1.)

{¶ 5} On February 12, 2021, NWD filed a motion for summary judgment arguing that appellant's claims fail as a matter of law because he has not asserted any causes of action directly against NWD, and by dismissing SP Plus and CCS with prejudice, he cannot succeed in his vicarious liability claim. On March 12, 2021, appellant filed a motion for extension of time seeking 120 days to conduct discovery to respond to NWD's motion for summary judgment. On March 25, 2021, NWD filed a memorandum in opposition contending that a motion for summary judgment may be filed at any time, and appellant has failed to specify, under Civ.R. 56(F), why he cannot present sufficient evidence to oppose the motion for summary judgment. On July 30, 2021, the trial court denied in part and granted in part appellant's motion for an extension of time. The trial court allowed appellant 28 days from the date of the entry, instead of the 120 days as requested, to respond to NWD's motion for summary judgment.

{¶ 6} On March 30, 2021, NWD filed a motion to stay discovery and motion for protective order pending the resolution of its motion for summary judgment. On April 13, 2021, appellant filed a memorandum in opposition to NWD's motion to stay discovery. On August 9, 2021, the trial court granted NWD's motion to stay discovery and motion for protective order pending the outcome of NWD's motion for summary judgment. Appellant filed a memorandum in opposition to the motion for summary judgment on August 27, 2021. A reply brief was filed on September 10, 2021. Also on August 27, 2021, appellant filed a motion for reconsideration of the trial court's denial in part of his motion for

extension of time and motion to stay discovery. NWD filed a memorandum in opposition on September 10, 2021.

{¶ 7} On November 9, 2022, the trial court denied appellant's motion for reconsideration and granted NWD's motion for summary judgment. Appellant filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Appellant assigns the following as trial court error:

> [I.] THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING IN PART APPELLANT'S MOTION FOR EXTENSION OF TIME.
>
> [II.] THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION TO STAY DISCOVERY AND MOTION FOR PROTECTIVE ORDER.
>
> [III.] THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.

## III. LEGAL ANALYSIS

### A. Appellant's First and Second Assignments of Error

{¶ 9} We begin by addressing appellant's failure to file a brief that conforms to the Ohio Rules of Appellate Procedure. "The burden of affirmatively demonstrating error on appeal rests with the party asserting error." *Lundeen v. State Med. Bd. of Ohio*, 10th Dist. No. 12AP-629, 2013-Ohio-112, ¶ 16, citing *State ex rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, ¶ 51 (10th Dist.), citing App.R. 9 and 16(A)(7). As set forth in App.R. 16(A)(7), an appellant's brief must "present a separate argument containing its contentions with respect to each assignment of error." *Wells v. Michael*, 10th Dist. No. 05AP-1353, 2006-Ohio-5871, ¶ 18. Here, appellant has failed to offer separate arguments in support of his three assignments of error. Instead, appellant provides five sections of arguments that are not clearly tied to a corresponding assignment of error. " '[T]his court rules on assignments of error only, and will not address mere arguments.' " *Rider v. Dir., Ohio Dept. of Job and Family Servs.*, 10th Dist. No. 16AP-854, 2017-Ohio-8716, ¶ 7, quoting *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70, citing *In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5. App.R. 12(A)(2) permits an appellate court to disregard an assignment of error presented for review that "fails to argue

the assignment separately in the brief, as required under App.R. 16(A)." It is not the duty of a reviewing court to " 'root * * * out' " whether an argument exists to support an assignment of error. *Reid v. Plainsboro Partners, III*, 10th Dist. No. 09AP-442, 2010-Ohio-4373, ¶ 22, quoting *State v. Breckenridge*, 10th Dist. No. 09AP-95, 2009-Ohio-3620, ¶ 10. In the interest of justice and judicial economy, however, we will address appellant's assignments of error insofar as we are able to connect them to appellant's arguments presented in his brief.

{¶ 10} In appellant's first assignment of error, he contends that the trial court abused its discretion granting in part and denying in part his Civ.R. 56(F) motion for extension of time to conduct discovery. Appellant's second assignment of error argues the trial court abused its discretion granting NWD's motion to stay discovery and motion for protective order. As these assignments of error are intertwined, we will address them together.

{¶ 11} There is a wide scope of permissible discovery in civil matters. Civ.R. 26(B)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

{¶ 12} However, a party's efforts to conduct discovery may be interrupted as a motion for summary judgment can be filed at "any time, * * * with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action." Civ.R. 56(B); *see also* Loc.R. 53 ("Counsel shall file their summary judgment motions at the earliest practical date in the course of litigation."). Once a motion for summary judgment is filed, Civ.R. 56(F) provides a mechanism for the nonmoving party to receive additional time to pursue discovery that could assist in responding to the motion. *Jacobs v. Jones*, 10th Dist. No. 10AP-930, 2011-

Ohio-3313, ¶ 58, citing *Hahn v. Groveport*, 10th Dist. No. 07AP-27, 2007-Ohio-5559, ¶ 30, citing *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 168 (8th Dist.1978).[4] Civ.R. 56(F) requires the party opposing the motion for summary judgment to provide an affidavit with sufficient basis to explain why they cannot provide sufficient facts by affidavit to support its opposition. *Jacobs* at ¶ 58. " 'Mere allegations requesting a continuance for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment.' " *Jacobs* at ¶ 58, quoting *Hahn* at ¶ 30. The party requesting relief under Civ.R. 56(F) bears the burden to demonstrate that the need for a continuance is warranted. *Huntington Natl. Bank v. Bywood, Inc.*, 10th Dist. No. 12AP-994, 2013-Ohio-2780, ¶ 7.

{¶ **13**} The party responding to purportedly improper discovery requests may either move for a protective order under Civ.R. 26(C)[5] or use the objection procedure provided under the discovery method at issue. *Anderson v. Bright Horizons Children's Ctrs., LLC*, 10th Dist. No. 20AP-291, 2022-Ohio-1031, ¶ 90, citing Civ.R. 26, Staff Notes (July 1, 1970 Amendment); *see also id.*, citing Civ.R. 34, Staff Notes (1970) ("The party served with the requests has corollary burdens. Because he is subject to Rule 37 sanctions, he must object, and he must, if he desires, seek a protective order under Rule 26(C).").

{¶ **14**} The trial court holds broad discretion over discovery matters. *MA Equip. Leasing I, LLC v. Tilton*, 10th Dist. No. 12AP-564, 2012-Ohio-4668, ¶ 13, citing *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register*, 116 Ohio St.3d 88, 2007-Ohio-5542, ¶ 18. An appellate court, therefore, will generally review the trial court's decision to grant a motion to stay discovery and motion for protective order, pursuant to Civ.R. 26, under an abuse of discretion analysis. *State ex rel. Keller v. Columbus*, 164 Ohio App.3d 648, 2005-Ohio-6500, ¶ 39 (10th Dist.); *Coon v. OhioHealth Corp.*, 3d Dist. No. 9-

---

[4] Civ.R. 56(F) reads as follows:

> Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

[5] Civ.R. 26(C) states "[u]pon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

22-41, 2023-Ohio-492, ¶ 25, citing *Randall v. Cantwell Mach. Co.*, 10th Dist. No. 12AP-786, 2013-Ohio-2744, ¶ 11. Similarly, the trial court's ruling on a Civ.R. 56(F) motion for extension of time will not be reversed absent an abuse of discretion. *Bywood, Inc.* at ¶ 6, citing *Glimcher v. Reinhorn*, 68 Ohio App.3d 131, 138 (10th Dist.1991). An abuse of discretion occurs when a trial court's ruling is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} In appellant's Civ.R. 56(F) motion for an extension of time, counsel for appellant filed an affidavit that attested additional time is required to conduct depositions of NWD's corporate representative, one or more employee/authorized agents of NWD, and NRI's director of real estate, Bart Barok. Appellant wrote that once those depositions are taken, additional written discovery might also be necessary, as well as additional depositions, before he may respond to the motion for summary judgment. According to appellant, without these depositions he cannot present all the facts essential to oppose NWD's motion for summary judgment. In response, NWD argued that appellant's motion should be denied because appellant has failed to meet his burden in identifying the exact discovery needed and how it would directly allow him to rebut the facts raised by NWD in its motion for summary judgment.

{¶ 16} Upon review, appellant's counsel's affidavit amounts to a general request for additional time to conduct depositions and written discovery. The affidavit fails to sufficiently explain how the depositions would aid in opposing the motion for summary judgment. *See Han v. Univ. of Dayton*, 2d Dist. No. 26343, 2015-Ohio-346, ¶ 27 (finding the denial of Civ.R. 56(F) motion reasonable as the moving party failed to describe how depositions would assist in opposing summary judgment). The mere act of requesting a continuance to conduct discovery is not sufficient justification for why a party cannot present affidavits in opposition for a summary judgment. *Bywood, Inc.* at ¶ 8, citing *Jefferson Golf & Country Club v. Leonard*, 10th Dist. No. 11AP-434, 2011-Ohio-6829, ¶ 42; *see also Tallis v. Woodrun Place Unit Owners' Assn.*, 10th Dist. No. 05AP-969, 2006-Ohio-3267, ¶ 33. Here, while appellant's counsel provided an affidavit that asserted a general need to take depositions to assess the credibility of Barok, he failed to provide any specific information as to why further discovery was necessary or why he cannot present facts

essential to opposing the summary judgment motion through competing affidavits.[6] *Fields v. Buehrer*, 10th Dist. No. 13AP-724, 2014-Ohio-1382, ¶ 12, quoting *Ford Motor Credit Co. v. Ryan*, 189 Ohio App.3d 560, 2010-Ohio-4601, ¶ 100 (10th Dist.) (writing the moving party seeking an extension " 'must aver in an affidavit a particularized factual basis that explains why further discovery is necessary.' "). The affidavit also fails to explain how additional discovery will assist to either show or negate a fact relevant to the issue raised in NWD's motion for summary judgment. *Brown v. Miller,* 11th Dist. No. 2012-G-3055, 2012-Ohio-5223, ¶ 21. Though appellant makes several arguments in his brief as to what he would have sought from Barok and other witnesses at deposition, these arguments were conspicuously absent from the affidavit filed with his motion for extension of time. We are limited to what was presented to the trial court at the time the motion was considered.

{¶ 17} We also note that appellant failed to pursue other methods of obtaining discovery. Barok's affidavit addressed several factual allegations in this case that appellant could have contested in a competing affidavit. There is also no evidence that appellant requested affidavits or other evidence from non-parties, SP Plus or CCS. Appellant had several months to pursue discovery from these non-parties before the stay was in place but elected not to do so.

{¶ 18} This court has found that a trial court does not abuse its discretion denying a request for a continuance under Civ.R. 56(F) where the party seeking the continuance did not sustain his burden of demonstrating the continuance was warranted for further discovery. *Jacobs* at ¶ 59, citing *Hahn* at ¶ 37. While the trial court could have taken a far more hard-lined approach and outright denied the motion for extension of time, it permitted appellant 28 more days to file a memorandum in opposition, which effectively restarting the response period from the date of entry.

{¶ 19} Appellant cites *Smith v. Klein*, 23 Ohio App.3d 146 (8th Dist.1985) as analogous to the instant case. A brief review is instructive.

---

[6] We note that appellant filed a second affidavit in his motion for reconsideration that expounded on his previous Civ.R. 56(F) arguments. However, appellant appears to have abandoned this issue as he has failed to assert that the trial court erred in denying his motion for reconsideration and limits his assignment of error solely to the denial of the motion for extension of time. While appellant's conclusion mentions reversal of the motion for reconsideration, this is entirely inadequate to expand the scope of our review. Accordingly, we will limit our analysis solely to the affidavit filed with his motion for extension of time.

{¶ 20} In *Klein*, the complaint concerned claims for defamation as well as intentional and malicious inference with an employment relationship. *Id*. at 147. During the discovery process, Klein's counsel refused on two occasions to allow his client to answer questions during deposition and unilaterally terminated one of the depositions. *Id*. at 147, 150. Klein proceeded to move for summary judgment in the case. *Id*. at 147. Smith filed a motion to compel discovery and motion to stay ruling on the motion for summary judgment pending the outcome of the discovery dispute. *Id*. The trial court denied Smith's motions and granted summary judgment for Klein. *Id*. The Eighth District Court of Appeals reversed finding that the trial court's refusal to allow discovery of evidence essential to the nonmoving party's response to a motion for summary judgment was an abuse of discretion. *Id*. at 151.

{¶ 21} The facts in *Klein* and the instant case are quite distinct. First, *Klein* was decided nearly 30 years before this case was filed and makes no mention of Civ.R. 56(F). Regardless, the questions that Klein was precluded from answering, as well as abrupt termination of the deposition, were far more particularized concerns than appellant's general claims to take depositions of Barok and NWD's corporate representative.

{¶ 22} As a final point, appellant should not lose sight of the standard of review at play. Abuse of discretion review accounts for multiple reasonable outcomes. *Yates v. Hassell*, 10th Dist. No. 11AP-588, 2012-Ohio-328, ¶ 14 (finding the trial court did not abuse its discretion as there were "multiple reasonable bases for denying appellants' motion for leave * * *, none of which were arbitrary or capricious"). Even in cases where the panel might find one approach better, that does not make the trial court's resolution an abuse of discretion. "A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive." (Emphasis deleted.) *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). Under an abuse of discretion standard, a reviewing court is not permitted to substitute its judgment for that of the trial court. *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, ¶ 34. Because we find appellant failed to aver in his affidavit, through particularized facts, why additional time was required to conduct discovery, we

find it reasonable that the trial court did not allow the full extension of time requested by appellant to respond to the motion for summary judgment.

{¶ 23} As for the Civ.R. 26(C) order, this court has consistently found a trial court acts within its discretion when it stays discovery pending the resolution of a dispositive motion. *See, e.g., Thomson v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 09AP-782, 2010-Ohio-416, ¶ 32, citing *Watley v. Wilkinson*, 10th Dist. No. 03AP-1039, 2004-Ohio-5062, ¶ 18, citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Wiles v. Miller*, 10th Dist. No. 12AP-989, 2013-Ohio-3625, ¶ 42. Because NWD's motion for summary judgment was pending and appellant failed to adequately explain how additional discovery would help him respond to the dispositive motion, the trial court's grant of the protective order was not an abuse of discretion.

{¶ 24} Appellant's first and second assignments of error are overruled.

**B. Appellant's Third Assignment of Error**

{¶ 25} In appellant's third assignment of error, he argues that the trial court erred by granting NWD's motion for summary judgment.

{¶ 26} In determining whether the trial court properly granted summary judgment, an appellate court must review the evidence according to Civ.R. 56 as well as applicable case law. *Grange Mut. Ins. Co. v. Patino*, 10th Dist. No. 19AP-278, 2020-Ohio-466, ¶ 22. "Summary judgment is proper when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." (Internal quotations and citation omitted.) *DN Reynoldsburg, LLC v. Maurices Inc.*, 10th Dist. No. 20AP-57, 2022-Ohio-949, ¶ 16; *see also Transtar Elec. v. A.E.M. Elec. Servs. Corp.*, 140 Ohio St.3d 193, 2014-Ohio-3095, ¶ 8. When considering a motion for summary judgment, a court must resolve all questions and construe the evidence in favor of the nonmoving party. *Maxwell v. Lombardi*, 10th Dist. No. 21AP-556, 2022-Ohio-1686, ¶ 16, citing *2454 Cleveland, LLC v. TWA, LLC*, 10th Dist. No. 19AP-157, 2020-Ohio-362, ¶ 8, citing *Pilz v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 04AP-240, 2004-Ohio-4040, ¶ 8.

{¶ 27} As set forth in Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the grounds for the motion and identifying those parts of the

record that establish the absence of a material fact. *Lundeen v. Graff*, 10th Dist. No. 15AP-32, 2015-Ohio-4462, ¶ 11, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party cannot meet this initial burden with a conclusory declaration that the nonmoving party has no evidence to support its case; the moving party must identify specific evidence, as listed in Civ.R. 56(C), affirmatively demonstrating that the nonmoving party has no evidence to support their claims. *Oliver v. Fox's Food, LLC et al.*, 10th Dist. No. 22AP-73, 2023-Ohio-1551, ¶ 9, citing *Dresher* at 293. Once the moving party satisfies this initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or other evidence as otherwise provided in Civ.R. 56, with particular facts demonstrating that a genuine issue exists in the case. *Oliver* at ¶ 9, citing *Dresher* at 293; Civ.R. 56(E). When the evidence offered supports contradictory inferences, the court reviewing a summary judgment motion may not weigh the evidence. *DN Reynoldsburg, LLC* at ¶ 17, citing *Thyssen Krupp Elevator Corp. v. Constr. Plus, Inc.*, 10th Dist. No. 09AP-788, 2010-Ohio-1649, ¶ 20.

{¶ 28} This court considers a trial court's grant of a motion for summary judgment under a de novo standard of review. *Blazek v. Ohio Bar Liab. Ins. Co.*, 10th Dist. No. 22AP-473, 2023-Ohio-1722, ¶ 14. "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal quotations and citations omitted.) *Maxwell* at ¶ 17. Therefore, we must engage in an independent review of the record as we stand in the same shoes as the trial court. *Scott v. Harrisburg Petroleum, L.L.C.*, 10th Dist. No. 19AP-413, 2020-Ohio-3431, ¶ 6, citing *Jones v. Shelly Co.*, 106 Ohio App.3d 440, 445 (5th Dist.1994).

{¶ 29} At the outset, we note that while appellant asserts a general assignment of error that the trial court erred in granting NWD's motion for summary judgment, he fails to make any mention in his brief, let alone argument, concerning causes of action for fraudulent inducement, fraudulent misrepresentation, unjust enrichment, extortion, conversion, punitive damages, violation of the Ohio Consumer Sales Practices Act. Instead, appellant limits his analysis solely to his vicarious liability claim. (*See* Appellant's Brief at 24-29.) The same was true at oral arguments where counsel focused his discussion on his claim for vicarious liability. Because appellant has failed to set forth any arguments with respect to fraudulent inducement, fraudulent misrepresentation, unjust enrichment,

extortion, conversion, punitive damages, or violation of the Ohio Consumer Sales Practices Act, we will forego any analysis concerning the trial court's grant of summary judgment on such claims. App.R. 12(A)(2); App.R. 16(A)(7). *Prox v. Cleveland Steel Container Corp.*, 11th Dist. No. 2005-T-0045, 2006-Ohio-2770, ¶ 16, citing *House v. Kirtland Capital Partners*, 158 Ohio App.3d 68, 2004-Ohio-3688, ¶ 15 (11th Dist.) (finding that because appellant has failed to provide any arguments with respect to his claim of wrongful discharge, a reviewing court may decline to provide any analysis concerning the court's grant of summary judgment on that particular cause of action).

{¶ 30} Appellant alleges the trial court erred in granting summary judgment as, despite settlement and dismissal with prejudice of agents, SP Plus and CCS, he may still bring a vicarious liability claim against the principal, NWD. We disagree.[7]

{¶ 31} An employer or principal can generally be held vicariously liable for the torts of its employees or agents under the doctrine of respondeat superior. *Moore v. Mount Carmel Health Sys.*, 10th Dist. No. 2017APE-10-754, 2020-Ohio-6695, ¶ 24, citing *Clark v. Southview Hosp. & Family Health Ctr.*, 68 Ohio St.3d 435, 438 (1994), citing *Councell v. Douglas*, 163 Ohio St. 292, 295-96 (1955). While the doctrine of respondeat superior does not extend to an employer's vicarious liability for a tort committed by an independent contractor, "under [a] theory [for] agency by estoppel, courts have used the concept of a fictional agency relationship to impose vicarious liability on principals for the acts of their independent contractors." *Clawson v. Heights Chiropractic Physicians, LLC*, ___ Ohio St.3d ___, 2022-Ohio-4154, ¶ 14, citing *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, ¶ 18-19; *Staples v. Ohio Health Corp.*, 10th Dist. No. 19AP-591, 2020-Ohio-4578, ¶ 21.

{¶ 32} It is well-established that if the agent is released from liability, through settlement and release or a favorable judgment, the secondary liability of the principal is extinguished. *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Wuerth*, 122 Ohio St.3d 594, 2009-Ohio-3601, ¶ 22. *See also Griswold v. Med. College of Ohio*, 10th Dist. No. 96API01-

---

[7] We note that appellant's complaint alleges that NWD is vicariously liable through the actions of "John Does One Through Five." However, NWD makes no mention of other parties that could be considered John Doe in his filings with the trial court and in his brief with this court. Moreover, appellant's argument addresses the viability of a claim after settlement, which would imply that his claim is based on the conduct of the prior defendants in the case, SP Plus and CCS. Accordingly, we will consider this argument as it concerns the dismissed parties, SP Plus and CCS.

66, 1996 Ohio App. LEXIS 2534, *3 (June 18, 1996) ("Once the primary tortfeasors were released, no liability for those secondarily responsible was possible."); *Faieta v. World Harvest Church*, 10th Dist. No. 08AP-527, 2008-Ohio-6959, ¶ 54, citing *Comer* at ¶ 21. "[T]here can be no vicarious liability imputed to a principal, if there is no liability on the part of the agent." *Id.*, citing *Losito v. Kruse*, 136 Ohio St. 183 (1940). The justification behind this rule is to protect the indemnification rights of the principal against the agent who bears the primary liability. *Weiler v. Knox Community Hosp.*, 5th Dist. No. 20CA000018, 2021-Ohio-2098, ¶ 26. " 'It logically follows that release of the employee from liability would thwart the employer's ability to seek reimbursement from the employee for payments made to the plaintiff by destroying the employer's subrogation rights.' " *Id.*, quoting *Comer* at ¶ 24. Because appellant has settled and dismissed with prejudice all claims against the agents, SP Plus and CCS, vicarious liability against the principal, NWD, is extinguished.

{¶ 33} Appellant posits that *Comer* was a narrow decision limited to "liability of a hospital for actions of an independent contract physician." (Appellant's Brief at 25.) Appellant's argument, however, misses the mark as the rule that settlement and release of an agent from liability exonerates the principal from vicarious liability is not limited solely to the *Comer* decision.

{¶ 34} In *Clawson*, the Supreme Court of Ohio provided additional analysis on this topic when it considered whether a patient could pursue a claim of chiropractic malpractice against a chiropractor's employer, under the doctrine of respondeat superior, if the statute of limitations had expired on the chiropractor's direct liability for the purported malpractice. The *Clawson* court wrote that in recognizing the right that a plaintiff may hold an employer liable for the wrongful act of its employees " '[s]ettlement with and release of the servant will exonerate the master.' " *Clawson* at ¶ 13, quoting *Losito* at 188. " 'Otherwise, the master would be deprived of his right of reimbursement from the servant, if the claim after settlement with the servant could be enforced against the master.' " *Id.* The *Clawson* court went on to restate its holdings in *Comer* and *Wuerth* writing:

> [In *Wuerth*] we cited our statement in *Losito* that a settlement with and release of an employee from liability exonerates the employer. *Wuerth* at ¶ 22, citing *Losito*, 136 Ohio St. at 188, 24 N.E.2d 705. We also cited our statement in *Comer* that " '*[i]f*

> *there is no liability assigned to the agent, it logically follows that there can be no liability imposed upon the principal for the agent's actions.' "* (Emphasis added in *Comer*.) *Wuerth* at ¶ 22, quoting, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, at ¶ 20. That rule, we emphasized, is not limited to claims based on the doctrine of respondeat superior but also applies to other types of vicarious liability. *Id.* at ¶ 23.

*Clawson* at ¶ 21.

{¶ 35} The *Clawson* court ultimately reversed the judgment of the Second District Court of Appeal finding that the patient was precluded from bringing a respondeat superior cause of action against the employer as the statute of limitations had expired on the underlying malpractice claim. While there was some disagreement among the justices over the resolution of *Clawson*, both the majority and dissenting opinions agreed that settlement and release of the agent extinguishes the secondary liability of the principal.[8] In fact, this point is restated in the decision on four separate occasions. *See Clawson* at ¶ 13, 21, 37 (Brunner, J., dissenting), 41 (Brunner, J., dissenting).

{¶ 36} Appellant cites a series of Ohio cases for the proposition that an injured party has a right to sue an employer for the actions of an employee regardless of whether the employee was named as a party to the suit.[9] These cases, however, are factually distinct as they either concern instances where the primarily negligent parties were employees, rather than independent contractors, or involve cases where the agent was not included in the complaint based on immunity or the expiration of the statute of limitations. None of the cited cases support appellant's claim that an injured party, after settlement and release of

---

[8] Justice Brunner, joined by Justices Donnelly and Stewart, dissented from the majority writing that Clawson should be able to pursue her cause of action for vicarious liability against the employer for the negligence of the chiropractor despite the statute of limitations barring a direct claim against the chiropractor for malpractice.

[9] *Holland v. Bob Evans Farms, Inc.*, 3d Dist. No. 17-07-12, 2008-Ohio-1487*; Taylor v. Belmont Community Hosp.*, 7th Dist. No. 09 BE 30, 2010-Ohio-3986; *Tisdale v. Toledo Hosp.*, 197 Ohio App.3d 316, 2012-Ohio-1110 (6th Dist.); *Edwards v. Ohio Inst. of Cardiac Care*, 2d Dist. No. 2006 CA 74, 2007-Ohio-1333; *Schelling v. Humphrey*, 123 Ohio St.3d 387, 2009-Ohio-4175; and *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas*, 126 Ohio St.3d 198, 2010-Ohio-3299. While we are able to distinguish the above cases on factual grounds, we note that the Supreme Court in *Clawson* took issue with the *Taylor* and *Tisdale* courts' interpretation of the scope and meaning of *Wuerth*. *Clawson* rejected the interpretations in *Taylor* and *Tisdale* that "*Wuerth* is limited to claims arising out of the negligence of a partner/part owner, as opposed to a traditional employee." *Clawson* at ¶ 26. While not expressly overruled, it is worth considering whether *Taylor* and *Tisdale* remain good law.

an independent contractor from a case, may bring a vicarious liability cause of action against a principal.

{¶ 37} In the interest of completeness, we will briefly address the two remaining arguments presented in appellant's brief as they apply to appellant's third assignment of error. First, appellant argues that "the trial court abused its discretion by relying upon arguments and purported evidence from a voluntarily dismissed case." (Appellant's Brief at 21.) While the appellant generally claims that the trial court improperly considered evidence, he fails to identify what evidence was improper and how the trial court impermissibly used those documents in its decision. As appellant has only asserted error in the trial court's resolution of the vicarious liability claim, we will provide limited analysis on that issue.

{¶ 38} The record reveals that the trial court's decision granting summary judgment as to appellant's vicarious liability claim makes no reference to any exhibits relied upon in making its decision. The only exhibits that might relate to this claim would be the inclusion of NWD's notices of dismissal filed in the first case. However, we need not address whether the inclusion of these notices was proper as we may take judicial notice of a dismissal entry that is available on the internet. *State ex rel. Rojas v. Page*, 10th Dist. No. 21AP-506, 2022-Ohio-2226, ¶ 15, citing *Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10; *see also Rojas*, citing Giannelli, 1 Baldwin's, *Ohio Practice Evidence*, Section 201.6 (3d Ed.2015) ("noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet"); *Lane v. U.S. Bank N.A.,* 10th Dist. No. 22AP-358, 2023-Ohio-1552, ¶ 2, citing *Ltd. Invest. Group Corp. v. Huntington Natl. Bank*, 10th Dist. No. 21AP-61, 2022-Ohio-3657, ¶ 46, citing *State v. Estridge*, 2d Dist. No. 2021-CA-25, 2022-Ohio-208, ¶ 12, fn. 1. Because the notices of dismissal were readily available on the internet, we take judicial notice of them. Accordingly, appellant's argument is without merit.

{¶ 39} Finally, appellant contends that NWD erroneously argued that alternative pleadings or theories of recovery is not permissible. Again, appellant fails to identify how the trial court erred as to this issue or what cause of action this argument is intended to

address.  Regarding the vicarious liability claim, appellant's complaint only alleges claims against "John Does One Through Five."  However, appellant has failed to identify any other parties, outside SP Plus and CCS, that could be considered agents to NWD.  Throughout the case, appellant, either expressly or through implication in his briefs and filings, represented that SP Plus and CCS were the primarily liable parties.  As such, we are not persuaded that alternative pleadings or theories of recovery were somehow denied to appellant at any point concerning his claim for vicarious liability.

{¶ 40}  Based on the foregoing, appellant's third assignment of error is overruled.

**IV.  CONCLUSION**

{¶ 41} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BEATTY BLUNT, P.J. and DORRIAN, J., concur.

————————————