[Cite as *Green v. Dept. of Rehab. & Corr.*, 2020-Ohio-1011.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Anthony Green, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 19AP-356 |
| v. | : | (Ct. of Cl. No. 2018-01228JD) |
| Ohio Department of Rehabilitation and Correction, | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on March 17, 2020

**On brief:** *Donnellon Donnellon & Miller, LPA*, and *Robert T. Butler*, for appellant.

**On brief:** *Dave Yost*, Attorney General, and *Lauren D. Emery*, for appellee. **Argued:** *Lauren D. Emery*.

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiff-appellant, Anthony Green, appeals a judgment of the Court of Claims of Ohio that granted summary judgment to defendant-appellee, the Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm that judgment.

{¶ 2} In October 2005, Green pleaded guilty to multiple felonies, including aggravated robbery, robbery, having weapons while under a disability, and receiving stolen property. The Hamilton County Court of Common Pleas found Green guilty of those offenses and sentenced him to an aggregate sentence of ten years in his two cases. The

October 11 and 27, 2005 sentencing entries notified Green that subsequent to his ten-year term of imprisonment he was "subject to the post release control supervision of R.C. 2967.28." (Def.'s Ex. A-2 & A-3.)

{¶ 3} Green completed his ten-year aggregate sentence on September 9, 2013, and ODRC released him from prison on that date. Upon his release, the Adult Parole Authority ("APA") determined that Green was subject to a five-year period of mandatory post-release control.[1] Over the course of the next four and one-half years, the APA had Green confined three times for violating the terms or conditions of post-release control. Green was held in custody (1) from March 18, 2015 to August 4, 2015; (2) from June 19, 2017 to August 28, 2017;[2] and (3) from April 10, 2018 to April 23, 2018.

{¶ 4} On August 23, 2017, the common pleas court entered judgment vacating the portion of Green's sentences relating to post-release control. The common pleas court found that "post-release control was not properly imposed in these cases and is thus void." (Def.'s Ex. A-4.)

{¶ 5} The APA did not know about the common pleas court's judgment vacating Green's post-release control until April 23, 2018. Upon learning about the judgment, the APA terminated Green's post-release control and ordered him released from APA supervision.

{¶ 6} On August 24, 2018, Green filed an action in the Court of Claims against ODRC alleging claims for false imprisonment and negligence. Green asserted that the October 11 and 27, 2005 sentencing entries did not validly impose post-release control upon him because the entries did not include all the required information. As a result, Green maintained that ODRC falsely imprisoned him when it confined him for violating the terms or conditions of post-release control.

{¶ 7} ODRC moved for summary judgment on Green's claims. ODRC attached to its motion the affidavit of Scott Widmer, a parole board hearing officer, who testified to the facts set forth above. ODRC also attached to its motion copies of the relevant common pleas

---

[1] The APA is an administrative unit within ODRC. R.C. 5149.02.

[2] The parties dispute the dates of this period of confinement. Green contends that he was confined from July 12, 2017 to September 5, 2017. This factual dispute, however, is not material to the outcome of this appeal.

court judgments.  Green opposed ODRC's motion for summary judgment.  On May 2, 2019, the trial court entered judgment granting ODRC summary judgment.

{¶ 8}  Green now appeals the May 2, 2019 judgment, and he assigns the following errors:

> [1.] The Trial Court erred to the prejudice of Plaintiff by granting Defendants' [sic] Motion for Summary Judgment.
>
> [2.] The Trial Court erred to the prejudice of Plaintiff by granting Summary Judgment with regard to the timeframe during which the Trial Court had vacated and ruled that Plaintiff was never properly placed on community control and community control was void from the beginning.

{¶ 9}  A trial court must grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.  *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29.  Appellate review of a trial court's ruling on a motion for summary judgment is de novo.  *Hudson* at ¶ 29.  This means that an appellate court conducts an independent review, without deference to the trial court's determination.  *Zurz v. 770 W. Broad AGA, LLC*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 10}  By his first assignment of error, Green argues that the trial court erred in granting ODRC summary judgment on his claim for false imprisonment.  We disagree.

{¶ 11}  "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.' "  *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109 (1991), quoting *Feliciano v. Kreiger*, 50 Ohio St.2d 69, 71 (1977).  The state may be held liable for the false imprisonment of a prisoner if it wrongfully retains custody of that prisoner beyond a lawful term of incarceration.  *Id.* at 109-10.  To prove the state liable for false imprisonment by wrongfully retaining a prisoner in custody, the former prisoner must establish:  (1) expiration of the lawful term of confinement, (2) intentional confinement

after the expiration, and (3) knowledge that the privilege initially justifying the confinement no longer exists. *Id.* at paragraph one of the syllabus; *Corder v. Ohio Dept. of Rehab. & Corr.*, 94 Ohio App.3d 315, 318 (10th Dist.1994).

{¶ 12} A former inmate, however, cannot maintain an action for false imprisonment where he was imprisoned in accordance with a judgment of a court, unless it appears such judgment is void on its face. *Beachum v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-635, 2012-Ohio-673, ¶ 6; *McKinney v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-960, 2010-Ohio-2323, ¶ 9. Thus, the state may not be held liable for false imprisonment if the state imprisoned a plaintiff pursuant to a facially valid judgment, even if a court later finds that judgment is void. *Beachum* at ¶ 6; *McKinney* at ¶ 9. Put simply, a plaintiff cannot prevail on a false imprisonment claim based on a facially valid judgment, even if a court later finds the judgment void, but he may succeed on a claim based on a facially invalid judgment. Facial invalidity requires that a defect be apparent on the face of the judgment, without reference to extrinsic evidence or case law to identify or explain the problem with the judgment. *Beachum* at ¶ 7; *Fisk v. Ohio Dept. of Rehab & Corr.*, 10th Dist. No. 11AP-432, 2011-Ohio-5889, ¶ 14; *McKinney* at ¶ 12.

{¶ 13} Here, whether ODRC falsely imprisoned Green turns on whether the October 11 and 27, 2005 sentencing entries are facially invalid. Green contends that the entries are facially invalid because they lack the information required by *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927. As Green must resort to case law to explain the problem with the sentencing entries, he has not shown the entries are facially invalid. The deficiencies in the sentencing entries, therefore, do not form the basis for a false imprisonment claim. ODRC lawfully confined Green for violating the terms or conditions of the post-release control imposed during his sentencing. Accordingly, we overrule Green's first assignment of error.

{¶ 14} By his second assignment of error, Green focuses specifically on the period he was confined in April 2018 for a post-release-control violation. He argues that the trial court erred in granting ODRC summary judgment on his false imprisonment claim relating to that period because, approximately seven months earlier, the common pleas court had entered the judgment vacating the portion of his sentences relating to post-release control. ODRC concedes that the common pleas court entered the judgment vacating post-release

control on August 23, 2017, yet Green was confined for violating post-release-control terms or conditions from April 10 to 23, 2018. But, ODRC points out, the APA did not learn about the August 23, 2017 judgment until April 23, 2018, the date Green was released from custody.

{¶ 15} A person commits the tort of false imprisonment when "he or she intentionally continues to confine another *despite knowledge that the privilege initially justifying that confinement no longer exists.*" (Emphasis added.) *Bennett*, 60 Ohio St.3d at paragraph one of the syllabus. The APA's privilege to confine Green ended on August 23, 2017, but the APA did not know that its privilege ended until April 23, 2018. Once the APA discovered its privilege had terminated, Green was released from custody. Because the APA was unaware its privilege did not exist from April 10 to 23, 2018, it did not falsely imprison Green during that period. Accordingly, we overrule Green's second assignment of error.

{¶ 16} For the foregoing reasons, we overrule Green's first and second assignments of error, and we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN and BEATTY BLUNT, JJ., concur.