[Cite as *Sultaana v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-2312.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [Amirah Sultaana], | : | |
| Plaintiff-Appellant, | : | No. 24AP-344 |
| | | (Ct. of Cl. No. 2023-00715JD) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Department of Rehabilitation and Correction, | : | |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on June 30, 2025

**On brief:** *Hakeem Sultaana*, pro se and *Amirah Sultaana*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Timothy Miller*, and *Daniel Benoit*, for appellee. **Argued**: *Timothy Miller*.

APPEAL from the Court of Claims of Ohio

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Hakeem Sultaana, appeals from an entry of the Court of Claims of Ohio granting the motion for summary judgment of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} On November 16, 2023, Mr. Sultaana filed a complaint alleging false imprisonment and negligence. At the time, Mr. Sultaana was an inmate in ODRC's custody. In his complaint, Mr. Sultaana alleged ODRC lacked "commitment papers" related to his

incarceration and ODRC was therefore negligent in incarcerating him without any lawful privilege. (Compl. at ¶ 71-85.) ODRC filed an answer on December 15, 2023 denying any liability with respect to either of Mr. Sultaana's claims.

{¶ 3} Subsequently, Mr. Sultaana filed an extensive series of notices and motions. Relevant to this appeal, on January 25, 2024, Mr. Sultaana filed a motion for partial summary judgment arguing his sentencing entry was "facial[ly] invalid." (Mot. for Partial Summ. Jgmt. at 1.) ODRC filed a memorandum contra on March 7, 2024 along with a copy of the sentencing entry ODRC had on file for Mr. Sultaana. The Cuyahoga County Court of Common Pleas' sentencing entry showed Mr. Sultaana was sentenced to an aggregate term of 14 years in prison on June 6, 2014. Additionally, ODRC filed an affidavit from Angela Dailey, an employee of ODRC, authenticating the sentencing entry. Ms. Dailey averred that Mr. Sultaana entered ODRC custody on June 9, 2014 and had a calculated release date of December 6, 2026. Additionally, Ms. Dailey averred that Mr. Sultaana appealed his conviction, and the Eighth District Court of Appeals affirmed the conviction, which left the calculated release date unchanged. *See also State v. Sultaana*, 2016-Ohio-199 (8th Dist.). Mr. Sultaana filed a reply in support of his motion for summary judgment and three separate motions to strike Ms. Dailey's affidavit. The Court of Claims denied all three of Mr. Sultaana's motions to strike. (Apr. 25, 2024 Mag.'s Order; May 22, 2024 Entry.)

{¶ 4} ODRC filed its own motion for summary judgment on March 18, 2024, arguing Mr. Sultaana could not substantiate a claim for false imprisonment and ODRC was entitled to judgment as a matter of law. Mr. Sultaana never filed a memorandum in opposition to ODRC's motion for summary judgment. However, on April 3, 2024, Mr. Sultaana filed a motion for extension of time to file a response pursuant to Civ.R. 56(F). That same day, Mr. Sultaana filed a separate motion for an extension of time to respond to the motion for summary judgment not based on Civ.R. 56(F). The next day, on April 4, 2024, Mr. Sultaana filed a duplicate motion for extension of time to respond. The magistrate denied all three of these motions in an April 23, 2024 magistrate's order. On May 6, 2024, Mr. Sultaana moved to set aside the magistrate's April 23, 2024 order. The Court of Claims ultimately denied the motion to set aside as untimely. (May 24, 2024 Entry.)

{¶ 5} Separately, on April 22, 2024, Mr. Sultaana filed three identical motions for an extension of time to oppose ODRC's motion for summary judgment. The magistrate denied the three identical motions in an April 25, 2024 magistrate's order.

{¶ 6} Mr. Sultaana also filed, on April 24, 2024, a motion for leave to file a corrected Civ.R. 56(F) motion with an affidavit. The magistrate granted the motion for leave to file a corrected Civ.R. 56(F) motion in an April 25, 2024 magistrate's order, giving Mr. Sultaana until May 6, 2024 to file his corrected motion. The magistrate's order specified that "this extension of time is limited to the filing of the corrected motion and should not be interpreted as an extension of time to respond to defendant's motion for summary judgment." (Apr. 25, 2024 Mag.'s Order at 1.) On May 6, 2024—the deadline to file his corrected Civ.R. 56(F) motion—Mr. Sultaana filed a motion for leave to file a renewed motion for an extension of time under Civ.R. 56(F) to oppose ODRC's motion for summary judgment. ODRC filed a memorandum contra Mr. Sultaana's motion for leave to file a renewed motion for an extension. In a May 28, 2024 order of the magistrate, the magistrate denied Mr. Sultaana's May 6, 2024 motion.

{¶ 7} Also on May 28, 2024, the Court of Claims granted ODRC's motion for summary judgment. In its entry granting ODRC's motion for summary judgment, the Court of Claims determined there is nothing on the face of the sentencing entry to suggest the entry is either invalid or void. (May 28, 2024 Entry at 5.) Thus, the court concluded Mr. Sultaana's claim for false imprisonment necessarily fails because ODRC confined Mr. Sultaana pursuant to a facially valid sentencing entry. Additionally, because the negligence claim was derivative of Mr. Sultaana's false imprisonment claim and premised on the same allegation that ODRC falsely imprisoned him, the court concluded the negligence claim also failed. Finding there remained no genuine issues of material fact, the Court of Claims granted ODRC's motion for summary judgment, denied Mr. Sultaana's motion for partial summary judgment, entered judgment in favor of ODRC, and denied all other pending motions as moot. Mr. Sultaana timely appealed.

{¶ 8} On November 7, 2024, after the parties submitted their merit briefs to this court, Mr. Sultaana's mother, Amirah Sultaana, filed a suggestion of death, notifying the court that Mr. Sultaana passed away on October 28, 2024. This court substituted Ms. Sultaana as appellant on behalf of Mr. Sultaana in a February 5, 2025 journal entry.

{¶ 9} Both Mr. Sultaana prior to his death and Ms. Sultaana on behalf of Mr. Sultaana after his death filed numerous motions and notices in this court after briefing was complete. On June 3, 2025, the scheduled date of oral argument, this court issued a journal entry ordering the clerk not to accept any further filings in the case until this court issues a decision and entry disposing of the appeal. We ordered all filings made on June 3, 2025 stricken from the record.

## II. Assignments of Error

{¶ 10} Mr. Sultaana raised the following seven assignments of error for our review:

[I.] ODRC & the trial court erred & abused its discretion by construing Sultaana's ordinary negligence Count 2 within the context of a false imprisonment claim, contrary to Sultaana's complaint pleading at paragraph's 10, 11, 77, 78, 79, 81, 82, 83, 84 & 85 (ODRC is negligent for accepting Sultaana in its venue without commitment papers claim).

[II.] Trial court erred and abused its discretion in denying Sultaana's motions to compel discovery, motions for order for request for admissions, motions to strike, motion for sanctions, motion for the 8th District Court of Appeals to show cause for failing to adere to Sultaana's subpoena request, motion for clerk to send all orders to Sultaana, motion to extend the discovery close off deadline & all other pretrial motions that were never ruled on by the trial court before entering judgment, especially when the trial court denied ODRC's motion to leave to withdraw admissions and nonparty Judge Peter Corrign's motion strike notice of service of deposition upon written questions.

[III.] Trial court abused its discretion by not allowing Sultaana to oppose & an extension of time to oppose ODRC's, full of false statements of fact and law, summary judgment request when the record confirms unclean hand acts via ODRC's staff and service issues with the trial court clerk of court during the course of litigation; while an **on file anticipated memorandum contra** to ODRC's summary judgment request was filed by Sultaana (plain error doctrine assertion).

[IV.] The trial court abused its discretion by denying Sultaana's Civil Rule 56(f) motion and by entering final judgment on 5/28/24 without giving Sultaana the privilege to file a motion to set aside the magistrate's 5/28/24 order

denying Sultaana's Civil Rule 56(F) motion which resulted in a violation of Ohio Civil Rule 53.

[V.] Trial court abused its discretion in denying to strike ODRC's Angela Dailey's affidavit attached to ODRC's memorandum contra to Sultaana's partial summary request & its summary judgment request where no personal knowledge or competent to testify appeared on Angela's Dailey's barebone affidavit.

[VI.] Trial court abused its discretion in granting summary judgment to ODRC and denying Sultaana's partial summary judgment request when the record confirms ODRC admitted to paragraphs 4, 5, 8, 9 and 71 of Sultaana's complaint, ODRC's deemed admitted request for admission & the trial court ignoring the long standing principle that a court speaks through its journal entry while accepting ODRC's absurd legal position that Count 1 is a clerical mistake.

[VII.] Trial court abused its discretion by denying Sultaana's request to take judicial notice and to compel non-party Judge Peter Corrigan to sit at deposition upon written question.

(Sic passim.) (Emphasis in original.)  For ease of discussion, we address the assignments of error out of order.

## III.  Standard of Review and Applicable Law

{¶ 11} An appellate court reviews a trial court's grant of summary judgment under a de novo standard. *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 2021-Ohio-3898, ¶ 9 (10th Dist.).  "[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." (Internal quotations deleted and citations omitted.)  *Holt v. State*, 2010-Ohio-6529, ¶ 9 (10th Dist.).  Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997). The non-moving party is entitled to have the evidence most strongly construed in its favor. *Id.*

{¶ 12} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the summary judgment motion and identifying those portions of the record demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party cannot discharge its initial burden with a conclusory assertion that the non-moving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating the non-moving party has no evidence to support the non-moving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). If the moving party fails to satisfy its initial burden, the court must deny the motion for summary judgment. *Dresher* at 293. Where the moving party satisfies the initial burden, summary judgment is appropriate unless the non-moving party responds, by affidavit or otherwise as provided under Civ.R. 56, with specific facts demonstrating a genuine issue exists for trial. *Id.*; *Hall v. Ohio State Univ. College of Humanities*, 2012-Ohio-5036, ¶ 12 (10th Dist.); Civ.R. 56(E).

## IV.  Fifth Assignment of Error – Motion to Strike

{¶ 13} In his fifth assignment of error, Mr. Sultaana argued the Court of Claims erred when it denied his motion to strike Ms. Dailey's affidavit. Pursuant to Civ.R. 56(E), "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." ODRC filed Ms. Dailey's affidavit in its response to Mr. Sultaana's motion for partial summary judgment and relied on Ms. Dailey's affidavit to authenticate the common pleas court's sentencing entry and demonstrate Mr. Sultaana's calculated release date of December 6, 2026. Mr. Sultaana filed three separate motions to strike Ms. Dailey's affidavit in the trial court. On appeal, Mr. Sultaana argued Ms. Dailey's affidavit was insufficient to authenticate the sentencing entry because it was not based on personal knowledge.

{¶ 14} An affidavit filed in support of or in opposition to a motion for summary judgment must be made on the affiant's personal knowledge. *Ocwen Loan Servicing, L.L.C. v. Graf*, 2018-Ohio-2411, ¶ 22 (10th Dist.), citing Civ.R. 56(E); *Applegate v. Northwest Title Co.*, 2004-Ohio-1465, ¶ 33 (10th Dist.), citing *State ex rel. Cassels v.*

*Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 223 (1994). Personal knowledge is " ' "knowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay." ' " *Ocwen Loan Servicing* at ¶ 22, quoting *Applegate* at ¶ 33, quoting *Brannon v. Rinzler*, 77 Ohio App.3d 749, 756 (2d Dist. 1991). An appellate court reviews de novo the question of whether an affidavit satisfies Civ.R. 56(E)'s personal knowledge requirement. *Pearson v. Alpha Phi Alpha Homes, Inc.*, 2019-Ohio-960, ¶ 6 (9th Dist.), citing *Hall v. Fairmont Homes, Inc.*, 105 Ohio App.3d 424, 434 (4th Dist. 1995); *Riverside v. State*, 2010-Ohio-5868, ¶ 17 (10th Dist.) ("When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination.").

{¶ 15} The personal knowledge requirement can be satisfied by " '[a] flat statement by the affiant that [they] had personal knowledge.' " *Logansport Sav. Bank, FSB v. Shope*, 2016-Ohio-278, ¶ 19 (10th Dist.), quoting *Bank One, N.A. v. Swartz*, 2004-Ohio-1986, ¶ 14 (9th Dist.). Even in the absence of a specific statement of personal knowledge, a court may infer personal knowledge from the contents of the affidavit. *OhioHealth Corp. v. Ryan*, 2012-Ohio-60, ¶ 32 (10th Dist.), citing *Swartz* at ¶ 15, and *Wells Fargo Bank, N.A. v. Sessley*, 2010-Ohio-2902, ¶ 21 (10th Dist.); *Asset Acceptance, L.L.C. v. Rees*, 2006-Ohio-794, ¶ 12 (10th Dist.). *See also Ocwen Loan Servicing* at ¶ 22, quoting *Applegate* at ¶ 33 (" '[a]n affidavit without an averment of personal knowledge must demonstrate personal knowledge specifically.' "). Statements in the affidavit related to the nature of the facts involved, the identity of the affiant, and the relationship between the affiant and those facts can create an inference of personal knowledge. *OhioHealth Corp.* at ¶ 33 (the affidavit was made on personal knowledge where the affiant stated she is the keeper of the business's records, she is familiar with the operations of the business, and she is familiar with the preparation, maintenance, and retrieval of the records); *Wells Fargo Bank* at ¶ 21 (the affidavit was made on personal knowledge where the affiant stated she was an employee of the moving party, the file was under her immediate control, the documents attached were true and accurate copies of the original instruments, and the account had a specific outstanding balance); *Ocwen Loan Servicing* at ¶ 22, quoting *Bader v. Ferri*, 2013-Ohio-3074, ¶ 15 (3d. Dist.) ("the nature of the facts involved and the identity of the affiant [can]

create[] a reasonable inference that the affiant has personal knowledge of the facts in the affidavit"). (Internal quotations deleted.)

{¶ 16} In her affidavit, Ms. Dailey stated she is an employee in ODRC's Bureau of Sentencing Computation and has worked as a correctional records sentence computation auditor for approximately 14 years. Ms. Dailey stated she is responsible, in the course and scope of her job duties, for reviewing sentencing information from courts and calculating release dates. Additionally, she stated the attached copy of the journal entry from the Cuyahoga County Court of Common Pleas was a true and accurate copy of Mr. Sultaana's sentencing entry that is maintained by ODRC and the Bureau of Sentencing Computation in the ordinary scope of business. We find these statements create a reasonable inference that Ms. Dailey has personal knowledge of the facts in the affidavit despite the absence of a specific statement of personal knowledge. *Ocwen* at ¶ 22; *OhioHealth Corp.* at ¶ 33. Accordingly, the Court of Claims did not err in failing to strike Ms. Dailey's affidavit. We overrule Mr. Sultaana's fifth assignment of error.

## V. Sixth Assignment of Error – False Imprisonment Claim

{¶ 17} In his sixth assignment of error, Mr. Sultaana argued the Court of Claims erred in denying his motion for partial summary judgment and in granting ODRC's motion for summary judgment on his claim of false imprisonment. More specifically, he argued there remains a genuine issue of material fact as to whether ODRC lacked "commitment papers" related to his incarceration.

{¶ 18} "False imprisonment occurs when a person confines another intentionally ' "without lawful privilege and against his consent within a limited area for any appreciable time, however short." ' " *Bradley v. Ohio Dept. of Rehab. & Corr.*, 2007-Ohio-7150, ¶ 10 (10th Dist.), quoting *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109 (1991), quoting *Feliciano v. Kreiger*, 50 Ohio St.2d 69, 71 (1977). The state may be held liable for the false imprisonment of its inmates, pursuant to R.C. 2743.02(A)(1), where the state wrongfully retains custody of an individual. *Green v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-1011, ¶ 11 (10th Dist.), citing *Bennett* at 109-10. However, an inmate or former inmate cannot maintain an action for false imprisonment against the state when the imprisonment is in accordance with the judgment or order of a court unless such judgment or order is void on its face. *Bradley* at ¶ 10, citing *Bennett* at 111; *Green* at ¶ 12, citing *Beachum v. Ohio*

*Dept. of Rehab. & Corr.*, 2012-Ohio-673, ¶ 6 (10th Dist.). "Thus, the state may not be held liable for false imprisonment if the state imprisoned a plaintiff pursuant to a facially valid judgment, even if a court later finds that judgment is void." *Green* at ¶ 12, citing *Beachum* at ¶ 6, and *McKinney v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-2323, ¶ 9 (10th Dist.). To be facially invalid, a defect must be apparent on the face of the judgment without resorting to extrinsic sources to identify or explain the defect with the judgment. *Id*. at ¶ 12, citing *Beachum* at ¶ 7; *Fisk v. Ohio Dept. of Rehab. & Corr.*, 2011-Ohio-5889, ¶ 14 (10th Dist.); *McKinney* at ¶ 12.

{¶ 19} The Court of Claims determined there is nothing on the face of the sentencing entry suggesting the entry is invalid or void. We agree. The June 4, 2014 sentencing entry from the Cuyahoga County Court of Common Pleas indicates Mr. Sultaana was sentenced to an aggregate term of 14 years in prison. ODRC calculated Mr. Sultaana's release date pursuant to that sentencing entry, and his term of imprisonment was not set to expire until December 6, 2026. Nonetheless, Mr. Sultaana argued ODRC falsely imprisoned him because ODRC did not have "commitment papers" for his incarceration. To the extent Mr. Sultaana suggested "commitment papers" would reveal a defect in his sentencing entry, thus substantiating his claim of false imprisonment, ODRC is neither required nor permitted to "second-guess facially valid orders from the judiciary." *Mavroudis v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-8649, ¶ 11 (10th Dist.). Because the alleged "commitment papers" would be extrinsic materials, Mr. Sultaana could not resort to them to demonstrate his sentencing entry was facially invalid. *Green* at ¶ 12.

{¶ 20} The undisputed evidence demonstrated ODRC incarcerated Mr. Sultaana pursuant to a facially valid sentencing entry. Thus, Mr. Sultaana's claim for false imprisonment against ODRC necessarily fails. *Green* at ¶ 12 ("Put simply, a plaintiff cannot prevail on a false imprisonment claim based on a facially valid judgment, even if a court later finds the judgment void."). As there remains no genuine issue of material fact regarding the claim of false imprisonment, the Court of Claims did not err in denying Mr. Sultaana's motion for partial summary judgment and granting ODRC's motion for summary judgment on the claim of false imprisonment. We overrule Mr. Sultaana's sixth assignment of error.

## VI. First Assignment of Error – Negligence Claim

{¶ 21} In his first assignment of error, Mr. Sultaana argued the Court of Claims erred in granting ODRC's motion for summary judgment on his negligence claim. More specifically, Mr. Sultaana argued the court erred in construing his negligence claim as being derivative of his false imprisonment claim.

{¶ 22} In granting ODRC's motion for summary judgment, the Court of Claims noted Ohio does not recognize a cause of action for negligent imprisonment. *See Trice v. Ohio Dept. of Rehab. & Corr.*, 2008-Ohio-1371, ¶ 24 (10th Dist.). *See also Foy v. Ohio Dept. of Rehab. & Corr.*, 2024-Ohio-1146, ¶ 20 (10th Dist.) (where there exists a facially valid sentencing entry, ODRC is under no duty to search for or discover defects in the case record that would render the judgment void). Where the allegation is that the individual was wrongly incarcerated, the negligence claim is derivative in nature. *Hughley v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-1768, ¶ 8 (10th Dist.). A derivative claim is dependent on the existence of the primary claim and cannot afford greater relief than the primary claim. *McCarthy v. Lee*, 2022-Ohio-1413, ¶ 6 (10th Dist.), quoting *Keller v. Foster Wheel Energy Corp.*, 2005-Ohio-4821, ¶ 19 (10th Dist.). Thus, where a primary claim fails, the derivative claim must also fail. *Id.*, quoting *Keller* at ¶ 19.

{¶ 23} Mr. Sultaana argued the Court of Claims erred in construing his negligence claim as derivative of his false imprisonment claim. He asserted his negligence claim is independent of the false imprisonment claim and is a claim for ordinary negligence. "We are mindful that '[t]he mere fact that claims in a complaint are couched in certain legal terms is insufficient to confer jurisdiction upon a court.' " *Jackson v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-1518, ¶ 18 (10th Dist.), quoting *Guillory v. Ohio Dept. of Rehab. & Corr.*, 2008-Ohio-2299, ¶ 11 (10th Dist.). Instead, a court must examine the underlying nature of the claims in the body of the complaint to determine whether the court has subject-matter jurisdiction over the claims. *Id.*, citing *Guillory* at ¶ 11. Here, the allegation underlying both Mr. Sultaana's claim for false imprisonment and his claim for negligence is substantively the same: that ODRC imprisoned Mr. Sultaana without privilege to do so based on an alleged lack of "commitment papers." Thus, we agree with the Court of Claims that Mr. Sultaana's negligence claim is derivative of his false imprisonment claim. Because

the Court of Claims correctly determined that the false imprisonment claim fails, we find the court did not err in concluding the negligence claim must also fail. *McCarthy* at ¶ 6.

{¶ 24} As the Court of Claims did not err in granting summary judgment to ODRC on Mr. Sultaana's negligence claim, we overrule Mr. Sultaana's first assignment of error.

## VII.  Second Assignment of Error – Discovery Motions

{¶ 25} In his second assignment of error, Mr. Sultaana argued the Court of Claims erred in denying all of his motions related to discovery.

{¶ 26} While a motion for summary judgment is subject to de novo review on appeal, "[t]he standard of review for the disposition of discovery issues is abuse of discretion." *State ex rel. Scott v. Streetsboro*, 2016-Ohio-3308, ¶ 11, citing *Toney v. Berkemer*, 6 Ohio St.3d 455, 458 (1983).  An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983); *State ex rel. Deblase v. Ohio Ballot Bd.*, 2023-Ohio-1823, ¶ 27.

{¶ 27} Mr. Sultaana argued generally that additional discovery would have provided further support for his claims against ODRC and therefore the Court of Claims erred in denying his motions.  However, Mr. Sultaana did not explain how any further discovery would have demonstrated his sentencing entry was facially invalid such that he could maintain a false imprisonment claim against ODRC.  Instead, Mr. Sultaana continued to argue additional discovery could bolster his allegation that ODRC lacked "commitment papers."  As we explained in our resolution of Mr. Sultaana's sixth assignment of error, because the sentencing entry was facially valid, the Court of Claims was not permitted to consider any extrinsic sources in order to demonstrate a defect in his sentencing entry. *Green*, 2020-Ohio-1011, at ¶ 12 (10th Dist.).  Though Mr. Sultaana disagreed with the Court of Claims' discovery rulings, he did not demonstrate the Court of Claims acted unreasonably, arbitrarily, or unconscionably in denying his discovery requests.

{¶ 28} Because the Court of Claims did not abuse its discretion in denying Mr. Sultaana's discovery requests, we overrule his second assignment of error.

## VIII.  Third Assignment of Error – Motions for Extension of Time

{¶ 29} In his third assignment of error, Mr. Sultaana argued the Court of Claims erred in denying his motions for an extension of time to respond to ODRC's motion for summary judgment.  We review a trial court's denial of a motion for extension of time for

an abuse of discretion. *Cleveland Hearing & Balance Ctr., Inc. v. N.E. Ohio Med. Univ.*, 2017-Ohio-8838, ¶ 23 (10th Dist.), citing *Whipple v. Warren Corr. Inst.*, 2009-Ohio-4841, ¶ 6 (10th Dist.).

{¶ 30} As outlined above, Mr. Sultaana never filed a memorandum in opposition to ODRC's motion for summary judgment. Instead, he filed a series of motions for an extension of time to oppose the motion for summary judgment. On appeal, Mr. Sultaana focused on the Court of Claims' May 6, 2024 denial of his motion to set aside the April 23, 2024 magistrate's order denying his motion for an extension. The Court of Claims denied his motion to set aside the magistrate's order as untimely, and we find that was not an abuse of discretion. Additionally, the basis for Mr. Sultaana's requested extension was his alleged need for additional discovery. Again, however, Mr. Sultaana did not explain how additional discovery would have been relevant to the ultimate issue before the Court of Claims: the facial validity of the sentencing entry. Mr. Sultaana disagreed with the rulings of the Court of Claims, but he did not articulate how the court abused its discretion.

{¶ 31} Finding no abuse of discretion in the Court of Claims' denial of Mr. Sultaana's motions for an extension of time to respond to ODRC's motion for summary judgment, we overrule Mr. Sultaana's third assignment of error.

## IX. Fourth Assignment of Error – Civ.R. 56(F) Motion for Extension

{¶ 32} In his fourth assignment of error, Mr. Sultaana argued the Court of Claims erred in denying his Civ.R. 56(F) motion for an extension of time. He additionally argued the Court of Claims erred in entering final judgment before allowing Mr. Sultaana time to file a motion to set aside the magistrate's May 28, 2024 order denying his Civ.R. 56(F) motion for an extension.

{¶ 33} Once a party files a motion for summary judgment, Civ.R. 56(F) provides a mechanism for the non-moving party to request additional time to obtain discovery that may assist in responding to the motion for summary judgment. *Miller v. NWD 355 McConnell L.L.C.*, 2023-Ohio-3374, ¶ 12 (10th Dist.), citing *Jacobs v. Jones*, 2011-Ohio-3313, ¶ 58 (10th Dist.). Pursuant to Civ.R. 56(F), the non-moving party must submit an affidavit setting forth a sufficient basis to explain why they cannot provide sufficient facts by affidavit to oppose the motion for summary judgment. *Id.*, citing *Jacobs* at ¶ 58. " 'Mere allegations requesting a continuance for the purpose of discovery are not sufficient reasons

why a party cannot present affidavits in opposition to the motion for summary judgment.' " *Id.*, quoting *Jacobs* at ¶ 58 (Internal quotations omitted.). The burden of demonstrating the need for a continuance rests with the party requesting relief under Civ.R. 56(F). *Id.*, citing *Huntington Natl. Bank v. Bywood, Inc.*, 2013-Ohio-2780, ¶ 7 (10th Dist.). A trial court has broad discretion over discovery matters, and we review a trial court's ruling on a Civ.R. 56(F) motion for extension of time for an abuse of discretion. *Id.* at ¶ 14, citing *Bywood* at ¶ 6.

{¶ 34} The Court of Claims initially granted Mr. Sultaana leave to file a corrected motion for an extension under Civ.R. 56(F) in an April 25, 2024 magistrate's order. The magistrate was explicit that the extension of time was for Mr. Sultaana to file a corrected Civ.R. 56(F) motion. Rather than file the corrected motion by the deadline imposed by the Court of Claims, however, Mr. Sultaana filed a renewed motion for leave to file an extension of time under Civ.R 56(F). The magistrate denied his renewed motion for leave to file a Civ.R. 56(F) motion for an extension on May 28, 2024, the same day the Court of Claims granted ODRC's motion for summary judgment.

{¶ 35} By the time the magistrate denied Mr. Sultaana's renewed motion for leave to file a Civ.R. 56(F) motion, it had already denied multiple other requests from Mr. Sultaana for an extension of time to oppose the motion for summary judgment. All of these requests were based on Mr. Sultaana's general assertion that he needed to conduct more discovery, but he again failed to satisfy his burden of demonstrating how additional discovery would be relevant to the issue in this case—the facial validity of his sentencing entry. Therefore, the Court of Claims did not abuse its discretion in denying Mr. Sultaana's Civ.R. 56(F) motions or his motion for leave requesting another extension to file a Civ.R. 56(F) motion.

{¶ 36} We also find the Court of Claims did not err in ruling on ODRC's motion for summary judgment the same day the magistrate denied Mr. Sultaana's renewed motion for leave to file a Civ.R. 56(F) motion. A trial court does not err in ruling on a motion for summary judgment "where a party fails to respond within the parameters of the rule." *Green Tree Servicing L.L.C. v. Graul*, 2016-Ohio-4641, ¶ 12 (10th Dist.), citing *Prohazka v. Ohio State Univ. Bd. of Trustees*, 2004-Ohio-1601, ¶ 28 (10th Dist.). *See also Harbor View v. Jones*, 2010-Ohio-6533, ¶ 37 (10th Dist.) (failure to respond to a motion for summary

judgment does not constitute lack of opportunity to respond).  ODRC filed its motion for summary judgment on March 18, 2024. Civ.R. 6(C)(1) provides that responses to motions for summary judgment "may be served within twenty-eight days after service of the motion."  Rather than file a responsive opposition to the motion for summary judgment, Mr. Sultaana filed repeated and unsuccessful motions for extensions of time.  As explained above, Mr. Sultaana continually failed to satisfy his burden of demonstrating the necessity of an extension of time to respond.

{¶ 37} By the time Mr. Sultaana filed his May 6, 2024 motion for leave to file a renewed Civ.R. 56(F) motion for extension of time, the time for responding under Civ.R. 6(C)(1) had elapsed, and Mr. Sultaana had failed to file a corrected Civ.R. 56(F) motion for an extension despite having been granted leave to do so.   The Court of Claims provided Mr. Sultaana a reasonable opportunity to respond to ODRC's motion for summary judgment, but Mr. Sultaana did not do so.  Thus, the court did not err in ruling on ODRC's motion for summary judgment at that time.  *Green Tree Servicing* at ¶ 12.  We therefore overrule Mr. Sultaana's fourth assignment of error.

## X.  Seventh Assignment of Error – Motion for Protective Order

{¶ 38} In his seventh and final assignment of error, Mr. Sultaana argued the Court of Claims erred in granting a protective order to Judge Peter Corrigan that prohibited Mr. Sultaana from taking Judge Corrigan's deposition.  He additionally argued the Court of Claims erred in failing to take judicial notice of ODRC's alleged admission that it does not have "commitment papers" related to his incarceration.

{¶ 39} Pursuant to Civ.R. 26(C), an entity responding to a purportedly improper discovery request may move for a protective order.  *Miller*, 2023-Ohio-3374, at ¶ 13 (10th Dist.), citing *Anderson v. Bright Horizons Children's Ctrs., L.L.C.*, 2022-Ohio-1031, ¶ 90 (10th Dist.)   An appellate court reviews a trial court's decision on a Civ.R. 26 motion for a protective order for an abuse of discretion.  *Id*. at ¶ 14, citing *State ex rel. Keller v. Columbus*, 2005-Ohio-6500, ¶ 39 (10th Dist.).

{¶ 40} On January 26, 2024, the Court of Claims granted Judge Corrigan's Civ.R. 26 motion for a protective order such that no subpoena could be issued to compel his deposition.  Mr. Sultaana argued allowing his deposition would have aided the case, but he did not provide any explanation as to how such action would relate to the issue of the facial

validity of his sentencing entry. As the Court of Claims noted, Mr. Sultaana's subpoena placed an undue burden on Judge Corrigan, appeared to be an attempt to harass him, sought privileged information, and requested documents not under Judge Corrigan's control. We find no abuse of discretion in the court's decision granting the Civ.R. 26 motion for a protective order to Judge Corrigan.

{¶ 41} Additionally, Mr. Sultaana asserted the Court of Claims erred in failing to take judicial notice of ODRC's lack of "commitment papers." A court may take judicial notice of adjudicative facts at any stage of the proceedings but only of facts "not subject to reasonable dispute." *State v. Murphy*, 2013-Ohio-5599, ¶ 23 (10th Dist.), citing Evid.R. 201(B); *State ex rel. Richard v. Chambers-Smith*, 2019-Ohio-1962, ¶ 12. A trial court's refusal to take judicial notice is reviewed for an abuse of discretion. *State ex rel. Harris v. Bruns*, 2023-Ohio-2344, ¶ 21, citing *In re Change of Name of K.S.G. to K.S.G.-B.*, 2020-Ohio-4515, ¶ 7 (3d Dist.).

{¶ 42} We are mindful that the facial validity of Mr. Sultaana's sentencing entry is the central issue underlying his claim of false imprisonment. As we have stated throughout this decision, the facial invalidity of the sentencing entry cannot be demonstrated by reliance on extrinsic materials. Thus, even if we could deem ODRC's alleged lack of "commitment papers" a fact "not subject to reasonable dispute," it has no bearing on the facial validity of the sentencing entry and, thus, no relevance to the outcome of Mr. Sultaana's case. Evid.R. 201(A); *Robol v. Columbus*, 2025-Ohio-973, ¶ 74 (10th Dist.) (even if facts proposed for judicial notice were not subject to reasonable dispute, they had no bearing on the ultimate issues presented in the case). Accordingly, the court did not abuse its discretion in refusing to take judicial notice of ODRC's lack of "commitment papers."

{¶ 43} For these reasons, we overrule Mr. Sultaana's seventh assignment of error.

## XI. Appellate Motions

{¶ 44} As noted above, both Mr. Sultaana prior to his death and Ms. Sultaana on behalf of Mr. Sultaana after his death filed numerous motions and notices in this court after briefing was complete. Our June 3, 2025 journal entry ordered stricken all filings made on June 3, 2025. We have reviewed the voluminous pending motions, and none of the remaining pending motions have any bearing on the ultimate issue presented in this case:

the facial validity of Mr. Sultaana's sentencing entry.  Accordingly, as they do not impact the central issue presented on appeal, we deny all pending motions.

## XII.  Disposition

{¶ 45} Based on the foregoing reasons, the Court of Claims did not err in granting ODRC's motion for summary judgment on Mr. Sultaana's claims of false imprisonment and negligence, did not err in refusing to strike the affidavit of an ODRC employee authenticating his sentencing entry, and did not abuse its discretion in denying Mr. Sultaana's discovery motions, motions for an extension of time, and request to take judicial notice. Having overruled Mr. Sultaana's seven assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed*; *motions denied*.

JAMISON, P.J., and LELAND, J., concur.

_____