[Cite as *Hill v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-5600.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Tyrice Hill, | : | |
| Plaintiff-Appellant, | : | No. 25AP-568 |
| | | (Ct. of Cl. No. 2025-00078JD) |
| v. | : | |
| Ohio Department of Rehabilitation and Correction et al., | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on December 16, 2025

**On brief**: *Tyrice Hill*, pro se.

**On brief**: *Dave Yost*, Attorney General, *Amy S. Brown*, and *Duffy Jamieson*, for appellee the Ohio Department of Rehabilitation and Correction.

APPEAL from the Court of Claims of Ohio

EDELSTEIN, J.

{¶ 1} Plaintiff-appellant, Tyrice Hill, appeals from an entry of the Court of Claims of Ohio granting the motion for summary judgment filed by defendants-appellees, the Ohio Department of Rehabilitation and Correction ("ODRC") and the Ohio Adult Parole Authority ("OAPA") (collectively, "appellees"). For the following reasons, we affirm.

**I. FACTS AND PROCEDURAL OVERVIEW**

{¶ 2} On January 29, 2025, Mr. Hill filed a complaint against ODRC and OAPA alleging false imprisonment. Mr. Hill is presently an inmate in ODRC's custody and was at the time he filed his complaint. In his complaint, Mr. Hill alleged ODRC falsely imprisoned him despite having knowledge they lacked the authority to do so.

{¶ 3} A recitation of the procedural history underlying his convictions in the Lucas County Common Pleas Court is warranted before proceeding to the merits of Mr. Hill's claim in the instant appeal.

{¶ 4} On June 13, 2000, Mr. Hill was convicted of robbery and sentenced to four years in prison. During his sentencing hearing, the trial court verbally imposed a period of five years of post-release control, but the court's June 14, 2000 judgment entry was silent as to post-release control.

{¶ 5} Mr. Hill was released from ODRC's custody and placed on post-release control on February 12, 2004. However, later that year, he was found to have violated the terms of his post-release control and received a 270-day prison term as a sanction for the violation. Mr. Hill was also charged under Lucas C.P. No. CR-04-2741 with several new felonies and pleaded guilty to three counts of aggravated robbery with attached firearm specifications. On February 3, 2005, the trial court conducted a sentencing hearing where it considered the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. The court determined it was necessary to sentence Mr. Hill to consecutive terms of imprisonment, noting Mr. Hill was under post-release control at the time he committed the charged offenses and the harm caused by his conduct was so great or unusual that no single prison term would adequately reflect the seriousness of his conduct. (*See* CR-04-2741 Feb. 3, 2005 Tr. at 20-24; CR-04-2741 Feb. 4, 2005 Jgmt. Entry at 1-2.)

{¶ 6} Following a successful appeal and remand on an unrelated issue, the trial court again conducted a sentencing hearing in case No. CR-04-2741 where it engaged in the required analysis under R.C. 2929.11 and 2929.12. During that hearing, the court again noted that Mr. Hill was under post-release control supervision at the time of his offenses, which factored into its decision to impose consecutive prison sentences, resulting in an aggregate prison term of 28 years, plus an additional 874-day sanction for violating post-release control.

{¶ 7} Years later, Mr. Hill filed a motion challenging the trial court's imposition of post-release control in case No. CR2000-1572. The court granted the motion, deemed the period of post-release control void, and vacated that portion of Mr. Hill's 2000 sentence. (*See* CR2000-1572 May 9, 2017 Jgmt. Entry ("[I]t is the order of this Court that the post-

release control period of five (5) years, imposed in CR2000-1572 on June 13, 2000, is deemed void and is now vacated. Stated otherwise, there is no period of post-release control relative to Defendant Hill's conviction for the offense of Robbery in violation of R.C. 2911.02(A)(3) in case CR2000-1572.").)

{¶ 8} Mr. Hill then filed a motion asking the trial court to vacate his 28-year prison sentence and hold a de novo sentencing hearing in case No. CR-04-2741. He asserted his 28-year prison sentence and 874-day sanction were based, in part, on post-release control that was voided and vacated under case No. CR2000-1572. As a result, he claimed he was entitled to a new sentencing hearing where the court would have to engage in the appropriate analysis without consideration of the void post-release control period. The court disagreed and entered only a nunc pro tunc entry that vacated the post-release control sanction of 874 days but left undisturbed the rest of his 28-year prison sentence. (CR-04-2741 Oct. 13, 2017 Nunc Pro Tunc Jgmt. Entry at 1 ("The Nunc Pro Tunc Judgment Entry shall reflect the vacating of the post release control sanction in [CR2000-1572]. The Nunc Pro Tunc Judgment Entry will not modify the sentences imposed by this trial Court in the case subjudice.").) (Emphasis omitted.)

{¶ 9} Mr. Hill did not file an appeal from that decision. Instead, on January 29, 2025, Mr. Hill filed the instant complaint in the Court of Claims. Appellees filed a motion to dismiss the complaint, arguing Mr. Hill failed to state a claim of false imprisonment under Civ.R. 12(B). On June 17, 2025, the Court of Claims issued a decision granting appellees' motion and dismissing the case. Specifically, the court found Mr. Hill failed to allege facts that would establish a claim of false imprisonment and therefore dismissal was appropriate under Civ.R. 12(B)(6). The court also noted that, even if Mr. Hill's complaint could be construed to allege a claim of false imprisonment based on the 270-day period he served as a sanction for violating post-release control, such claim would be untimely, having been filed approximately 20 years after he completed that portion of his sentence. Additionally, the court concluded it lacked subject-matter jurisdiction to consider a claim of wrongful imprisonment under R.C. 2743.48(E)(2) because Mr. Hill neither asserted that the Lucas County Common Pleas Court had determined he was a wrongfully imprisoned individual nor attached a wrongful imprisonment determination to his complaint, as is required by the statute.

{¶ 10} Mr. Hill appeals from that judgment, assigning the following error for our review:

> THE TRIAL COURT ERRED BY GRANTING THE DEFENDANT-APPELLEE'S MOTION TO DISMISS, AND DISMISSING APPELLANT'S FALSE IMPRISONMENT CLAIM WITH PREJUDICE FOR FAILURE TO STATE A CLAIM AND LACK OF JURISDICTION.

## II. LEGAL ANALYSIS

{¶ 11} In his sole assignment of error, Mr. Hill challenges the trial court's decision to dismiss his false imprisonment claim for failure to state a claim under Civ.R. 12(B)(6) and for lack of jurisdiction under Civ.R. 12(B)(1).[1] We first address the court's dismissal of Mr. Hill's complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

### A. Standard of Review and Applicable Law

{¶ 12} A motion to dismiss for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) is a procedural test of a civil complaint's sufficiency. *Cool v. Frenchko*, 2022-Ohio-3747, ¶ 13 (10th Dist.), quoting *Morrow v. Reminger & Reminger Co. L.P.A.*, 2009-Ohio-2665, ¶ 7 (10th Dist.). Dismissal of a complaint pursuant to Civ.R. 12(B)(6) is appropriate "only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Bullard v. McDonald's*, 2021-Ohio-1505, ¶ 11 (10th Dist.). In determining whether dismissal is appropriate, the trial court "must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the plaintiff." *Id.* "The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint." *Id.* at ¶ 11. When deciding a Civ.R. 12(B)(6) motion, a court may not consider factual allegations or evidence outside of the complaint. *See, e.g., State ex rel. Scott v. Cleveland*, 2006-Ohio-6573, ¶ 26.

{¶ 13} We review a trial court's dismissal pursuant to Civ.R. 12(B)(6) de novo. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 2016-Ohio-478, ¶ 12, citing *Perrysburg Twp.*

---

[1] Although the trial court went on in its decision to address wrongful imprisonment under R.C. 2743.48(E)(2), Mr. Hill neither assigns error nor raises any arguments in his appellate brief addressing wrongful imprisonment. We therefore deem that issue waived and will not address that portion of the trial court's decision.

*v. Rossford*, 2004-Ohio-4362, ¶ 5. Our review is limited to the allegations contained in the complaint. *See, e.g., Schmitz v. Natl. Collegiate Athletic Assn.*, 2018-Ohio-4391, ¶ 10, citing *Loveland Edn. Assn. v. Loveland City School Dist. Bd. of Edn.*, 58 Ohio St.2d 31, 32 (1979).

{¶ 14} "False imprisonment occurs when a person confines another intentionally ' "without lawful privilege and against his consent within a limited area for any appreciable time, however short." ' " *Bradley v. Ohio Dept. of Rehab. & Corr.*, 2007-Ohio-7150, ¶ 10 (10th Dist.), quoting *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109 (1991), quoting *Feliciano v. Kreiger*, 50 Ohio St.2d 69, 71 (1977). The state may be held liable for false imprisonment of its inmates, pursuant to R.C. 2743.02(A)(1), where the state wrongfully retains custody of an individual. *Green v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-1011, ¶ 11 (10th Dist.), citing *Bennett* at 109-10. However, an incarcerated person "cannot maintain an action for false imprisonment against the state when the imprisonment is in accordance with the judgment or order of a court unless such judgment or order is void on its face." *Sultaana v. Ohio Dept. of Rehab. & Corr.*, 2025-Ohio-2312, ¶ 18 (10th Dist.), citing *Bradley* at ¶ 10, citing *Bennett* at 111. "Thus, the state may not be held liable for false imprisonment if the state imprisoned a plaintiff pursuant to a facially valid judgment, even if a court later finds that judgment is void." *Green* at ¶ 12, citing *Beachum v. Ohio Dept. of Rehab. & Corr.*, 2012-Ohio-673, ¶ 6 (10th Dist.). "To be facially invalid, a defect must be apparent on the face of the judgment without resorting to extrinsic sources to identify or explain the defect with the judgment." *Sultaana* at ¶ 18.

**B. Dismissal Under Civ.R. 12(B)(6)**

{¶ 15} The Court of Claims determined there is nothing on the face of the trial court's October 13, 2017 nunc pro tunc judgment entry suggesting the entry is invalid or void. We agree.

{¶ 16} We acknowledge that Mr. Hill successfully challenged the trial court's initial imposition of post-release control in case No. CR2000-1572. But the trial court's October 13, 2017 nunc pro tunc judgment entry in case No. CR-04-2741 only vacated the 874-day post-release control sanction and left undisturbed the rest of Mr. Hill's 28-year prison sentence. Therefore, the judgment entry in appellees' possession still reflects the imposition of a valid 28-year prison sentence, which Mr. Hill concedes he has not finished serving. Although the transcripts attached as exhibits to Mr. Hill's complaint suggest the

28-year prison term he received in case No. CR-04-2741 was based, at least, in part, on the fact that Mr. Hill was on post-release control at the time he committed the offenses giving rise to that sentence, Mr. Hill is still unable to satisfy the elements of a false imprisonment claim against appellees. The judgment entry is facially valid and we are not permitted to consider extrinsic evidence, including hearing transcripts, to determine whether there is a defect in the judgment. *See Sultaana* at ¶ 18. If Mr. Hill was unsatisfied with the trial court's decision to leave undisturbed his 28-year prison sentence, he needed to challenge that decision by filing a direct appeal rather than a civil action for false imprisonment against appellees.

{¶ 17} To the extent Mr. Hill is arguing the 270-day sanction imposed in case No. CR2000-1572 was erroneous and resulted in his false imprisonment, we agree with the Court of Claims that such a claim is untimely. At its latest, Mr. Hill's false imprisonment claim would have accrued when he completed his post-release control sanction in June 2005. Pursuant to R.C. 2305.11(A), Mr. Hill would have had to file a claim within one year of that time. *See, e.g., Ellis v. Dept. of Rehab & Corr.*, 2019-Ohio-2453, ¶ 9-10 (Ct. of Cl.). As such, the trial court properly concluded Mr. Hill's 2025 complaint was untimely as to the 270-day sanction.

{¶ 18} Because Mr. Hill failed to plead facts sufficient to state a claim of false imprisonment, the trial court did not err in granting appellees' motion to dismiss under Civ.R. 12(B)(6).

## C. Dismissal Under Civ.R. 12(B)(1)

{¶ 19} Having concluded dismissal of the false imprisonment claim pursuant to Civ.R. 12(B)(6) was warranted, we need not consider the trial court's independent justification for dismissal under Civ.R. 12(B)(1) as that issue is moot and would have no bearing on the outcome of this appeal. *See* App.R. 12(A)(1)(c); *Croce v. Ohio State Univ. Bd. of Trustees*, 2024-Ohio-2138, ¶ 67 (10th Dist.), quoting *State v. Gideon*, 2020-Ohio-6961, ¶ 26 (" '[A]n assignment of error is moot when an appellant presents issues that are no longer live as a result of some other decision rendered by the appellate court.' "). *See also In re A.P.*, 2022-Ohio-4295, ¶ 29 (10th Dist.), quoting *In re C.C.*, 2005-Ohio-5163, ¶ 23 (10th Dist.).

## III.　CONCLUSION

{¶ 20}　Based on the foregoing reasons, the Court of Claims did not err in granting appellees' motion to dismiss Mr. Hill's false imprisonment claim pursuant to Civ.R. 12(B)(6).　Having overruled Mr. Hill's sole assignment of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

LELAND and DINGUS, JJ., concur.

————————————